### LOUISIANA COLLEGE *vs.* STATE TREASURER.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Whether the writ of mandamus can be used for the purpose of enforcing the payment of a sum of money?   Quere.

Writs of mandamus never issue to officers charged with a public duty, to do any act, where the law vests them with a discretionary power.

Upon the application of the trustees of the College of Louisiana, a mandamus was served upon the defendant,

requiring him to show cause why he should not pay to the applicants a sum of money to which they conceived themselves entitled, under an act of the legislature. Upon hearing, the rule was discharged, and the trustees appealed.

*Waggaman* and *Miller*, for appellants.

*Atterney Gcneral* for appellee.

Eastern District,
*May* 1831.

LA. COLLEGE
*vs.*
STATE TREASU-
RER

*Porter, J.*, delivered the opinion of the court.

The 834th article of the Code of Practice, enacts that a mandamus may be directed to public officers to compel them to fulfil any of the duties attached to their office, or which may be legally required of them.

The College of Louisiana conceiving itself entitled to a certain sum of money, under a legislative grant, to be paid out of the State Treasury, applied to the officers at the head of that department, for the sum which the applicants conceived due. He refused to pay it, and they obtained a rule from the court below, under the article already cited, to comply with their request, or show cause why a peremptory mandamus should not issue to compel him.

Cause was shewn, and the judge discharged the rule. The party applying for the mandamus appealed.

It is very doubtful whether this writ can be used, for the purpose of enforcing the payment of a sum of money, even under the broad and comprehensive terms of the Code of Practice. But the opinion we have formed on another part of the case, renders it unnecessary to express ourselves positively on this question.

By an act of the legislature, passed the 18th of March, 1809, it is made the duty of the treasurer to examine all claims of every description, made on the Treasury of the State, and if, *in his opinion*, such claims are not provided for by law, are exorbitant, unjust, or unreasonable, he is authorized to refuse payment of the same, and the claimant is directed to seek relief from the legislature.

It is a well settled principle that writs of mandamus

Whether the writ of mandamus can be used for the purpose of enforcing the payment of a sum of money? Quere.

Writs of mandamus never issue to officers charged with a public duty to do any act where the law vests them with a discretionary power.

Eastern District,
*May* 1831.

LA. COLLEGE
*vs.*
STATE TREASU-
RER.

never issue to officers charged with a public duty to do any act, where the law vests them with a discretionary power. If they exercise that discretion illegally, and improperly, they are responsible or not, as the case may be, in an action. But they cannot be compelled to do an act contrary to their opinion, when the law says that opinion is the guide they must follow. This is clearly established by the authorities cited by the defendant's counsel.—1 *Cranch*, 137 *and* 169. 19 *John.* 259.—It is also admitted to be the rule in a case not cited, which is the strongest that can be found in the books, in support of the pretensions of the plaintiffs.—1, *American Law Journal*, 457.

We see nothing unconstitutional in the discretion thus vested. The body that made the grant, had the right to prescribe the mode in which it should be paid.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.