JAMES BARNES DIGGS *v.* DENIS PRIEUR, Recorder of Mortgages for
the Parish and City of New Orleans.

A bankrupt, discharged by a District Court of the United States under the act of
act of 1841, has a right to have the mortgages recorded against him for the pur-
pose of securing debts from which he has been discharged, erased, so far as they
may effect his future property.   And where a rule has been taken in the District
Court on the recorder and the mortgagees, to show cause why the mortgages should
not be erased, and no cause has been shown, and the rule has been made absolute,
and the recorder refuses to make the erasure, a mandamus may be obtained from a
state court to compel him to do so.   *Per Curiam :* As the debts secured by the
mortgages cannot be recovered but in the event of the certificate being annulled for
fraud, it is unjust, in the absence of any such charge, that the mortgages should
stand recorded as operating on the future property of the bankrupt.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.
*Elmore* and *W. W. King,* for the applicant, cited the 4th sect.
of the bankrupt act of 19th August, 1841.   Civil Code, arts.
3335, 3336, 3337, 3342, 3346.   *Conrad, Assignee,* v. *Prieur, Re-
corder,* 5 Rob. 49.

· *Roselius,* for the appellant.

GARLAND, J. James B. Diggs became a bankrupt under the act of Congress, passed in 1841. An assignee was appointed to take charge of his estate, and a discharge given to the bankrupt. The assignee took a rule in the District Court of the United States on several creditors who had conventional and judicial mortgages recorded in the office of the Recorder of Mortgages, to show cause why their mortgages should not be erased, for the purpose of selling the same.* The creditors showed no cause at all, and the order was granted. With this order, or decree of the District Court of the United States, and his discharge, the bankrupt called on the defendant to erase the mortgages recorded previous to his discharge. This the defendant, who is Recorder of Mortgages, refused to do; whereupon Diggs presented his prayer for a mandamus commanding the recorder to erase the mortgages. To this rule the Recorder answered by a denial of the jurisdiction to the United States District Court, to grant such a decree. The judge below said, that he was satisfied that Diggs had received his discharge under the bankrupt law, and that the District Court could very properly give effect to that discharge, by ordering a cancelling of all mortgages recorded against the bankrupt, and thus give effect to his certificate. The judge says that this proceeding is very similar to a suit upon a judgment of another court, which may be brought and prosecuted to judgment and execution; he, therefore, awarded the mandamus, and the Recorder has appealed.

We are of opinion that the inferior court did not err. An opportunity was given to the creditors to make opposition to the application in the United States Court; they made no objection; and the bankrupt being discharged, is entitled to the benefit of his certificate; and it is not proper that mortgages should stand upon the records, effecting any future property the bankrupt may acquire.

The certificate granted to Diggs operates as a discharge of his

---

*The rule was taken by the bankrupt—not by the assignee; and the mortgagees were ruled to show cause " why the mortgages standing in their names should not be cancelled." The rule does not state that the erasure was for the purpose of selling the property.

debts, except those of a fiduciary character, contracted at any time previous to the filing of his schedule in the United States Court, unless, in some subsequent action, it shall be shown that the certificate was fraudulently obtained. It is, therefore, not legal nor just, in our opinion, in the absence of any charge of fraud against the bankrupt, that mortgages should stand recorded, operating on future property, when the debts secured by those mortgages cannot be recovered, except upon the contingency of the certificate being impeached, and annulled for fraud in procuring it.

· *Judgment affirmed.*