No. 6516.

STATE EX REL. N. ST. MARTIN VS. THE POLICE JURY OF THE PARISH OF ST. CHARLES ET AL.

A mandamus will not lie to compel an officer to do a thing, as to the performance of which he has discretionary power. He can only be compelled by mandamus to perform a duty, when it is purely ministerial. The taxpayers of a parish have a right to appeal from any judgment of court, ordering the police jury to levy and collect a tax, and no acquiescence in the decree by the latter, can affect the former's right of appeal.

A police jury can not be compelled by a mandamus to levy a tax for the payment of a claim which they deny, and which has not been passed on judicially.

A mandamus will not issue, where an adequate remedy can be obtained through the ordinary legal processes.

APPEAL from the Fourth Judicial District Court, parish of St. Charles. *Flagg, J.*

J. D. *Augustin* and *Julien Michel*, for relator and appellee.

*Lesassier & Binder* and *Breaux, Fenner & Hall*, for appellants, the taxpayers, and G. A. *Breaux*, for the police jury.

The opinion of the court was delivered by

MANNING, C. J. The relator, alleging that he is the Parish Attorney and District Attorney *pro tempore* of St. Charles parish, and is entitled

NEW ORLEANS, MARCH, 1877. 147

State ex rel. St. Martin vs. Police Jury of St. Charles.

to receive $1789 47 from the police jury thereof as compensation for back salary and perquisites for 1874 and salary and perquisites for 1875, prayed and obtained a mandamus to compel the assessment and collection of a tax sufficient to pay his claim. The writ was directed to the members of the police jury, ordering them to convene, and make an assessment of a tax of two mills on the dollar; to the collector, ordering him forthwith to collect that tax; and to the parish treasurer, ordering him to pay the proceeds to the relator.

The police jury except to relator's petition for this, that his allegations are not sufficient in law to entitle him to the writ of mandamus, and after pleading the general issue, allege that in preparing the tableau of expenditures for 1875 and levying a tax for their payment, the jury exercised discretionary powers which are not the subject of judicial inquiry; that one of the items upon this tableau is three hundred dollars for relator's salary for 1875 and another like sum for his fees in criminal prosecutions, and that there are no other legal expenses of the parish than those included in that tableau, the collection of a tax having already been imposed to pay them, and that the jury have no authority to impose a tax to pay any claim not acknowledged and liquidated, and not included in that tableau, except such tax be levied by virtue of some special legal provision for a special purpose.

The mandamus was made peremptory, and the parish officers proceeded to obey it. Lesassier & Binder, and eleven other taxpayers of that parish, petitioned for an appeal to this court, and their appeal was granted by the court a qua, and is now before us.

The appellee moves to dismiss the appeal because the defendants have voluntarily executed the judgment in whole or in part. The appellants are taxpayers of the parish, whose right to the appeal can not be prejudiced by any acquiescence of the officials in the judgment.

The object of the writ in this case is to compel the police jury to assess, levy, and collect a tax sufficient to pay an alleged claim of relator for services which the defendants deny to be due him. They answer that they have provided in their annual budget for the collection of a tax to pay what they admit to be due, and that the list or tableau of expenditures for which they have provided contains every item that they can provide for under the general laws.

The writ of mandamus never issues to officers, charged with a public duty, to do an act where the law vests them with a discretionary power. Louisiana College vs. State Treasurer, 2 La. 394. Nor will it be issued where the law affords adequate relief by the ordinary means. Code of Practice, articles 830–31. It was a matter of discretion whether the police jury should pay a claim preferred against the parish before that claim had been adjudicated judicially, and it was a wise discretion to refrain

from paying it if, as in this case, the justice of the claim was denied. Adequate relief by the ordinary process of courts could be afforded the relator, since the police jury was amenable to his suit, if they refused to pay. It is only where a specific ministerial duty is imposed by law on an officer that the writ of mandamus can properly issue against him. Baldwin vs. Dubuclet, 27 An. 29. Thus a mayor of a city may be compelled to issue a commission to an officer, if it is made his duty by law to issue it, (Hubert vs. Auvray, 6 La. 595) and a recorder of mortgages may be compelled by mandamus to erase mortgages, that being one of his legal duties. Diggs vs. Prieur, 11 Rob. 54. and the Auditor may by this process be compelled to warrant on the Treasurer of the State for a sum of money specifically appropriated by the Legislature. State vs. Bordelon, 6 An. 68.

In the case at bar there was not a ministerial duty to perform. On the contrary the phraseology of the law defining the duties and powers of police juries, not only imports, but expressly requires the exercise of discretion. The police juries shall have power to make all such regulations as they may deem expedient for their own government, and specifically to lay such taxes as they may judge necessary to defray the expenses of their respective parishes. Revised Statutes 1870, section 2743. This is to be done by preparing and publishing the estimates for the year, and laying the tax necessary to raise the amount, subject to the limitation as to the per centum which the law has imposed.

What are the "ordinary means" by which the relator can have adequate relief? Whenever one, having a claim against a parish, is denied payment, the police jury of that parish can be sued, and if the validity and justice of his claim is recognized by a judgment of a court, the judge who shall render the judgment is required to order the board of assessors of that parish to assess forthwith a tax at a sufficient rate per centum upon the assessment roll of the current year to pay and satisfy the judgment in full. Revised Statutes 1870, sections 2747-9.

Nearly two hundred pages of this record are occupied by testimony, the object of which appears to be to satisfy the court that the police jury ought to pay the relator the sum demanded by him. This of itself precludes the idea that it is a pure ministerial act that the jury was to perform. Certainly it is not such an act as they may be compelled to perform by mandamus.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court is avoided and reversed, and the writ of mandamus granted by that court is rescinded at the costs of the relator in both courts.