(117 So. 775)

No. 29300.

## CITY OF SHREVEPORT v. BAYSE et al.

June 4, 1928.

Cook & Cook, of Shreveport, for appellants.

C. B. Prothro and Galloway & Johnson, all of Shreveport, for appellee.

BRUNOT, J.   Alan Bayse and J. M. Cox were charged with violating subsection F of section 7 of Ordinance No. 158 of 1927 of the city of Shreveport.

The defendant Bayse was charged with three separate and distinct violations of subsection F of the ordinance and defendant Cox was similarly charged with two violations thereof.  The five charges were consolidated for the purpose of trial.  The trial was had and it resulted in the conviction and sentence of each of the defendants upon each of said charges.  Both defendants appealed.

Subsection F of section 7 of the ordinance follows:

"Every master electrician, or his qualified representative who shall be a master electrician shall actually and continually supervise, direct and superintend all electrical work installed by him in the city of Shreveport."

Section 6 of the ordinance makes it compulsory upon persons supervising electrical work in the city of Shreveport to first obtain a master electrician's certificate from the electrical department of the city.  The penal clause of the ordinance is section 10.  It is as follows:

"Be it further ordained, etc., that any person, firm, corporation or company violating this ordinance, or any provisions of this ordinance, shall be subject to a fine of not less than $10.00 and not more than $100.00 for each offense, each day to constitute a separate offense, collectible by the city judge, or in default thereof same to be worked out on the streets and alleys at the rate of $1.00 per day."

The charges against defendant Bayse fix the date of the three alleged violations of the ordinance by him as having occurred on the same day, viz. March 12, 1928.  Likewise, the charges against defendant Cox fix the date of both of his alleged violations of the ordinance as March 13, 1928.

We will say here that, inasmuch as both defendants are charged with more than one violation of subsection F of section 7 of the ordinance on the same day, and, as the penal clause of the ordinance specifically provides "each day to constitute a separate offense," it seems obvious that the city judge erred in finding either of the defendants guilty of more than one violation of the ordinance.

The defendants were convicted and sentenced for supervising and superintending electrical work in the city of Shreveport without first qualifying as master electricians and receiving master electrician's certificates.

Defendants have filed an assignment of errors in this court which contains no material averment that is not pleaded in the demurrer and motion to quash, which the city judge referred to the merits and finally passed upon.

The city judge, in his well-considered reasons for judgment, has accurately stated the defenses urged, and has so correctly and concisely disposed of them that we adopt his reasons as our own and quote therefrom the following:

"Before going to trial defendants filed a motion to quash, on the grounds that the ordinance was so vague and indefinite that it charged no offense, and also that, if it did charge an offense, then the ordinance or section 7, under which they are charged, is illegal, null, and void for the following reasons: That the city had no authority to pass it and that, if it did have the authority, the ordinance was unconstitutional, because it violated article 10, § 8, of the Constitution of Louisiana of 1921, in that it authorized the levy of a tax upon laborers and those engaged in mechanical pursuits, and also that it enabled the city of Shreveport to levy a greater tax than is levied for state purposes; that, if said ordinance is not null and void, it did not comply with Act 217 of the Legislature of 1910 with reference to the regulation of persons, firms, etc., installing apparatus

for electrical currents, and, further, that the board under which the examining board of the city of Shreveport was appointed was not appointed as prescribed by Act 158 of 1927; further that the ordinance in question was violative of section 33 of Act 136 of the Legislature of 1898, in that it seeks to amend or revise Ordinance 96 of 1923, as amended by Ordinance 40 of 1924, without setting out the entire ordinance, and also that the ordinance is a revenue measure and yields more than the expense incident to the examination and issuance of certificates thereunder; that the requirement of the $2,500 bond under the ordinance was illegal; and that the ordinance itself, particularly section 7, is arbitrary, oppressive, unreasonable and primarily designed to prevent competition from electrical contractors not living in Shreveport. Defendants further object to the ordinance in that it is in restraint of trade, and that it is discriminatory, and deprives them of liberty and property without due process of law, and is in contravention of the Constitution of Louisiana. *In short, defendants state that the ordinance is everything except what it should be and that it has no standing under the Constitution or laws of the state of Louisiana and of the city of Shreveport.* The demurrer and motion to quash were referred to the merits and evidence was adduced.

"The ordinance under which defendants were charged states that every master electrician, or his qualified representative who shall be a master electrician, shall actually and continually supervise, direct, and superintend all electrical work installed by him in the city of Shreveport, and the charge literally tracks the wording thereof; consequently, if section F is clear and the city of Shreveport has the right to enact it, the charge in itself is valid. The court is of the opinion that under the Charter of the City of Shreveport (Act 158 of 1898, Act 302 of 1910, and Act 220 of 1912), which states that the city council shall have the following powers:

" 'To regulate and preserve the peace and good order of the city and to provide for and maintain cleanliness and sanitary conditions.'

" 'To regulate the business of wiring buildings for conducting electrical currents into and through the same.'

—it has full authority to pass the ordinance, and, whether or not the said ordinance is reasonable is not a question for the court, and same will be upheld, unless it is clearly and unmistakably in violation of the Constitution. 19 R. C. L. p. 805, § 112. That said ordinance was passed legally, and while it states that Ordinance 96 of 1923 as amended by Ordinance 40 of 1924

is amended, revised, and re-enacted, Ordinance 158 of 1927 is new and separate, setting out in full all of the provisions under same, and not by reference to any other ordinance. The requirement of a bond is a valid and legal requirement, and so decided by the Supreme Court in State v. Schofield, 136 La. 702, 67 So. 557, and Le Blanc v. City of New Orleans, 138 La. 244, 70 So. 212. The tax complained of by defendants is a license fee for regulation, and is therefore not violative of the Constitution, in that it taxes laborers and those engaged in mechanical pursuits, the court being of the opinion that the city of Shreveport has a right under its charter and police powers to regulate occupations, the unrestrained pursuit of which might affect injuriously the public safety, and no one has vested or proprietary rights independent thereof, and this is all that is being done in this matter. 17 R. C. L. pp. 548, 549. The act itself provides that before any person, firm, or corporation should engage in the business of installing or repairing electrical conductors, dynamos, or other electrical apparatus, etc., they shall comply with the certain provisions, one of which is to secure a master electrician's certificate from the electrical department of the city, which certificate shall be issued in the name of the person who qualifies for same. It also provides for the method of obtaining the master electrician's certificate. Subsection F of section 7 also provides that all work shall be installed and supervised by master electricians. The court is of the opinion that an electrical contractor need not be a master electrician, provided the person actually installing and supervising the work has a master electrician's certificate, and any one so desiring can comply with the requirements of the ordinance.

"The court might add that while the section of the ordinance under which defendants are prosecuted and other parts appearing on same are not as clear as the lay mind would desire them to be, it is a rule of law that, where a statute or ordinance is susceptible of two interpretations, one for its validity and one against it, it is the court's duty to uphold it."

We will add that whether or not the penal clause of the ordinance provides an enforceable alternative penalty in the event of nonpayment of the fine imposed under it does not affect the validity of any other part of the ordinance. As the fine is collectible by the city judge, he may enforce its collection by civil process.

For these reasons, it is decreed that the judgment and sentence, in one of the charges against each of the accused, to pay a fine of $25, is affirmed.

It is further decreed that the judgment and sentence in two of the charges against defendant Alan Bayse and in one of the charges against defendant J. M. Cox be avoided. It is further decreed that the alternative sentence in all of the charges against each of the accused be avoided and set aside.