STATE EX REL. MATTERN v. CITY OF N. O. ET AL.

(July 2, 1928. Opinion and Decree.)
(August 13, 1928. Rehearing Refused.)

W. Winans Wall, of New Orleans, attorney for plaintiff, appellee.

I. F. Williams, of New Orleans, attorney for Recorder of Mortgages.

George W. Berry, of New Orleans, attorney for propria persona.

JONES, J. In this case, plaintiff, the owner of the property described in the petition, obtained a mandamus from the Civil District Court, ordering the Recorder of Mortgages to cancel from his records two paving liens over ten years old.

One of these claims was for paving on St. Ann Street and amounted to fifty-three and 46-100 dollars, the other was for a sidewalk and amounted to twenty-nine and 52-100 dollars. The City of New Orleans, the Recorder of Mortgages and the contractor who laid sidewalk were made parties.

The City of New Orleans and the Recorder of Mortgages filed exceptions, as follows:

1st. Court without jurisdiction ratione materiae.

2nd. Petition is too vague and indefinite to permit respondent to answer.

3rd. Petition disclosed no right or cause of action.

All exceptions were overruled by the trial Judge and answers were filed in which all the facts set up by relator were denied on information and belief, except the recordation of the liens, which was admitted.

The contractor, though served personally, filed no pleading.

Evidence shows plaintiff to be the owner and it is admitted that the paving lien was recorded in mortgage office October 2, 1895, and the sidewalk lien on April 21, 1913.

The Civil District Court had jurisdiction.

The writ of mandamus is defined in Article 829, in the Code of Practice as follows:

"Art. 829. Mandamus. This is an order issued in the name of the State by a tribunal of competent jurisdiction, and addressed to an individual or corporation, or Court of inferior jurisdiction, directing it to perform some certain act belonging to the place, duty or quality with which it is clothed."

Article 836 says:

"Art. 836. This order, in all the above mentioned cases, can only be issued by courts whose jurisdiction in civil matters

exceeds one hundred dollars, exclusive of interest."

Under the Constitution of 1921, the Civil District Court for the Parish of Orleans has jurisdiction over all suits in which there is no money demand, as well as in cases in which more than one hundred dollars is in dispute.

It is the ministerial duty of the Recorder of Mortgages to cancel prescribed liens from the records of his office and this duty can be enforced by mandamus. See also R. S., Sec. 3141; Lanaux vs. Recorder of Mortgages, 36 La. Ann. 975; State vs. Police Jury, 29 La. Ann. 146; B. M. Harrell & Co. vs. Parish, 26 La. Ann. 6; Deblieux vs. Recorder of Mortgages, 25 La. Ann. 61; Savage vs. Holmes, 15 La. Ann. 334; Diggs vs. Prieur, 11 Rob. 54; Benjamin vs. Prieur, 8 Rob. 193.

Paving liens are prescribed by ten years by Act 46 of 1918:

"Section 1. Be it enacted by the General Assembly of the State of Louisiana, that claims, liens and privileges for paving streets, alleys and sidewalks shall prescribe by ten years from the date of the certificates or other evidences of such claims, liens and privileges; provided, that in all cases where the cost of the paving shall have been advanced by any Parish, City or Town, to be refunded in annual installments in accordance with existing laws, the claims, liens and privileges shall prescribe in the same manner as now provided by the Constitution and laws of this State for the prescription of taxes, tax liens, and privileges, provided that the provisions of this act shall not take effect until the first day of January, 1919."

The judgment was rendered on July 29, 1927, and signed on August 4th, of the same year.

On August 9, 1927, five days after judgment was signed, the Recorder of Mortgages filed a document in which he averred that Act 46 of 1918 was unconstitutional because it violated Sec. 15 of Art. IV of the Louisiana Constitution of 1921 and Sec. 10, Art. 1 of the United States Constitution.

On the same day, August 9, 1927, the Recorder also filed a motion for suspensive appeal, which was then granted by the trial Judge. On this motion for appeal, attorney for plaintiff accepted service. On August 15th the City of New Orleans applied for and obtained a suspensive appeal.

In his brief in this Court, the Recorder says that the plea of unconstitutionality was filed "nunc proturce" by agreement, but there is no agreement in the record and plaintiff's attorney in his brief (page 3) uses the following language:

"There was no attack on the constitutionality of this act by respondent in the lower court, so, of course, there can be no such objection urged to the act in this Court."

Counsel for City of New Orleans in his brief urges that note of evidence shows objection was made to testimony on the ground that act was unconstitutional because it impaired the obligation of a contract.

The decisions quoted below show that such a plea must be regularly filed before the lower Court, otherwise it cannot be considered.

In re J. J. Clarke Co., 161 La. 1095, 109 So. 913, the Supreme Court said:

"Defendant's contention that statute is invalid, made for first time in Supreme Court and made only in brief will not be considered."

In Board of Health vs. De Quincy, 163 La. 369, 111 So. 789, the Supreme Court said:

"Constitutional objections to statute though raised in lower Court, will not

be considered on appeal * * * where defendants did not answer appeal."

In the case of Thoman et al. vs. Williams, 164 La. 202, 113 So. 817, where cancellation of paving lien more than ten years old was sought, the Supreme Court refused to pass on the constitutionality of Act 46 of 1918, although the question had been properly raised in the lower court, because the amount involved was below two thousand dollars and validity of act had been maintained by trial Judge.

"The constitutionality of a law will not be considered unless specially pleaded."

State vs. Ross, 144 La. 898, 81 So. 386; Barber vs L. R. & N. Co., 141 La. 1059, 76 So. 199, L. R. A. 1917F, 802; State vs. St. Romer, 26 La. Ann. 753.

In Chopin vs. City of New Orleans, et als., 8 La. App. 152, a special defense was urged for the first time and an exception of no cause of action based thereon was filed in this Court, but after citing and discussing many leading decisions, the new matters were not considered.

In Watkins vs. Bankston, 1 La. App. 641, this Court declined to pass upon an issue not raised in trial Court.

In People's Homestead Assn. vs. Staub, 3 Orleans App. 101, this Court refused to consider the constitutionality of an act because it had not been passed on by the lower court.

Under Constitution of 1921, Art. 7, Pars. 2, 29, 77, Court of Appeal, Parish of Orleans, has appellate jurisdiction only, with exception of right to issue certain writs in aid of its appellate jurisdiction.

As this plea was not properly before the trial court, it can not be considered here.

For above reasons judgment is affirmed.