SOUTHERN COAL CO. v. R. & P. CONSTRUCTION CO., INC., ET AL.

(March 30, 1931. Opinion and Decree.)

Lemle, Moreno & Lemle, of New Orleans, attorneys for plaintiff, appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, and Jas. O'Niell, of New Orleans, of counsel, attorneys for defendants, appellees.

WESTERFIELD, J. The R. & P. Construction Company, Inc., contracted to erect a switch track for the Texas & Pacific Railway Company. Plaintiff, the Southern Coal Company, sold coal to the R. & P. Construction Company, which was used as fuel in operating two locomotives which were employed for the purpose of conveying material needed in the construction of the switch track. Plaintiff was not paid for its coal, and brought this suit for $350.02, the purchase price, against the R. & P. Construction Company, the Texas & Pacific Railway, and the Southern Surety Company; the latter being the surety on a bond given by the construction company to the Texas & Pacific Railway for the proper execution of the contract. No citation was effected upon the R. & P. Construction Company, and the claim as against the Southern Surety Company is now abandoned. There was judgment below dismissing plaintiff's suit, and plaintiff has appealed.

In this court judgment is asked against the Texas & Pacific Railway alone under

the authority of Act No. 98 of 1916, which reads, in part, as follows:

"An act creating a lien and privilege upon road-beds, tracks, rights of way and franchises of all the railroads in the State of Louisiana, in favor of all persons, firms or corporations furnishing supplies or materials to such railroads or performing labor for account thereof; providing for the time for which such lien and privilege shall exist, and the conditions upon which it shall be good, and establishing its priority; and repealing all laws or parts of laws in conflict with the provisions of this act.

"Section 1. Be it enacted by the General Assembly of the State of Louisiana, That a lien and privilege is hereby created and established upon the road-beds, tracks, rights of way and franchises of all the railroads in the State of Louisiana, in favor of all persons, firms or corporations who have furnished supplies, materials or labor that entered into the construction, maintenance or repair of the permanent road bed and structures of such railroad, to secure the amount due for such supplies, material or labor.

"Section 2. Be it further enacted, etc., That such lien and privileges shall exist, without the necessity of recordation, and shall be good for a period of twelve months from the date upon which such materials or supplies were delivered, or such labor was performed; provided that in case of running account of twelve months shall be calculated from the date of the delivery or performance of the last item upon such account."

The T. & P. Railway resists plaintiff's claim upon two grounds: First, that the act relied on has no application because the coal, for the price of which this suit was instituted, was not furnished to the railroad, but to a contractor; and, second, if the act applies, coal is not material nor supplies which may be said to have "entered into the construction" of the switch track, which was the object of the contract.

Considering the first defense, we observe that the title of the act creates a lien upon roadbeds, tracks, etc., of all railroads in the state "in favor of all persons, firms or corporations furnishing supplies or materials to such railroads," and that in section 1 a lien and privilege is created and established upon the roadbeds, tracks, etc., of the railroads "in favor of all persons, firms or corporations who have furnished supplies, materials or labor that entered into the construction, maintenance or repair of the permanent roadbed and structures of such railroad, to secure the amount due for such supplies, material or labor."

Plaintiff argues that the language of section 1 evidences an intention on the part of the Legislature to grant a lien in favor of all persons furnishing supplies and materials, etc., which entered into the construction of the roadbed, etc., without regard to whether they were supplied directly, or through a general contractor. This view of the act is said to be supported by the theory of the lien laws to the effect that furnishers of supplies should be protected by those whose property has been enhanced by the incorporation of such material and supplies. The situation is likened to that which obtains under the building contract laws, where liens are created in favor of subcontractors, materialmen, and others against the owner.

On the other hand, counsel for defendant maintains that the construction contended for by plaintiff would result in the unconstitutionality of the statute under section 16 of article 3 and section 19 of article 19 of the Constitution of 1921, because, if the act be held to create a lien in favor of persons furnishing supplies to a contractor, it would be broader than its title and in violation of section 16 of article 3 of the Constitution, which reads as follows:

"Every law enacted by the Legislature

shall embrace but one object, and shall have a title indicative of such object."

And furthermore, since section 2 of the act dispenses the lienholder from the necessity of recordation, to hold that the act created a lien in favor of third persons would be in the teeth of section 19 of article 19 which reads as follows:

"No mortgage or privilege on immovable property, or debt for which preference may be granted by law, shall affect third persons unless recorded or registered in the parish where the property is situated, in the manner and within the time prescribed by law, except privileges for expenses of last illness, privileges arising upon the death of the owner of the property affected, and privileges for taxes, State, parish and municipal; provided such tax liens, mortgages and privileges shall lapse in three years from the 31st day of December in the year in which the taxes are levied, and whether now or hereafter recorded.

"Privileges on movable property shall exist without registration of same except in such cases as may be prescribed by law."

Counsel for plaintiff counters with the suggestion that we cannot consider the constitutionality of the statute, for the reason that that point was not raised in the lower court, citing J. J. Clarke Co. v. Petivan, 161 La. 1095, 109 So. 913; Godchaux Sugars, Inc., v. Leon Boudreaux & Bros., 153 La. 685, 96 So. 532, and State ex rel. Mattern v. City of N. O. et al., 9 La. App. 95, 119 So. 94.

It is sufficient answer to this contention to say that defendant does not attack the constitutionality of the act, but, on the contrary, maintains that it is constitutional; when properly construed. The question, therefore, is whether the act is susceptible of a construction which will save it from constitutional objection.

It is plain, we think, that, if the act be held to confer a lien in favor of one who supplies a contractor without recordation, it would be repugnant to section 19, but, unless that construction be unavoidable, it will not be adopted, because the act is presumed to have been validly enacted and to be in harmony with constitutional restrictions. The mere fact of the enactment of the statute raises a presumption of its constitutionality. Lionel's Cigar Store et al. v. McFarland, 162 La. 956, 111 So. 341. One who attacks its constitutional validity carries the burden of proving the invalidity specifically and clearly. State v. Hudson, 162 La. 543, 110 So. 749. If it is reasonably possible, therefore, to consider this act as free from objection under article 19 of the Constitution, and if it is susceptible of interpretation in conformity with that provision of the Constitution, it will be so held. In re Carter, 165 La. 1012, 116 So. 491; Shreveport v. Bayse et al., 166 La. 689, 117 So. 775.

Turning now to the act and construing it with reference to its title, because the title is an essential part of it (City of Gretna et al. v. Bailey, 141 La. 626, 75 So. 491, Ann. Cas. 1918E, 566), we find that the title limits the lien to those who supply materials directly to the railroads, and, with that provision in mind, we read section 1, which grants to all persons who have furnished supplies, material, or labor that entered into the construction, maintenance, or repair of the permanent roadbed, etc., as being qualified by the phrase "to such railroads."

We believe this construction to be reasonable, and find it consistent with constitutional requirements, and therefore adopt it. It follows that plaintiff's claim must be rejected.

For the reasons assigned, the judgment appealed from is affirmed.