FOURNET, Justice.
 

 This is an appeal by the defendant, Francis Vandersypen, from his conviction in the Mayor’s Court of the Town of Pineville (and his sentence thereunder to pay a fine of $25 or serve 2'5 days in jail) on a charge of violating city ordinance No. 412 by installing electrical wiring and fixtures witlun the town limits without first obtaining a permit to do so. He relies for the reversal of his conviction and sentence on a bill of exceptions reserved to the overruling of his motion to quash the charge, such motion being based on the illegality of the ordinance.
 

 The illegality of the ordinance, according to the defendant’s contention, lies in the fact that Act No. 136 of 1898, under which the Town of Pineville was incorporated, does not authorize the town to regulate the trade, occupation, and business of wiring houses within the town for electricity, cities of 25,000 or more only being authorized to do so, and this under the authority of Act No. 217 of 1910; further, that the ordinance as written is not susceptible of a reasonable interpretation.
 

 Ordinance No. 412 was enacted primarily for the purpose of regulating electrical installations and constructions within the limits of Pineville. As a means to that end, it is provided that anyone desiring to undertake electrical work of any kind in the town must first obtain an electrical permit or certificate from the city and this can only be obtained after the applicant has followed the procedure set out in the ordinance. Among the requirements is the payment of an examining fee of $100.
 

 Municipal corporations, being creatures of the legislature,
 
 possess
 
 only such powers as are granted to them by the legislature in express words, or those that are necessarily or fairly implied in or are incident to the powers so expressly conferred. They also possess those that are essential to the accomplishment of the purposes and objects of the corporation. 37 Am.Jur. 722, § 112; 19 R.C.L. 768, § 75;
 
 *264
 
 43 C.J. 176, § 174; and Montgomery v. City of Lafayette, 154 La. 822, 98 So. 259, and the authorities therein cited.
 

 Under the express provisions of Act No. 136 of 1898, known as the Lawarson Act, the legislature gave to municipal corporations, whether cities, towns, or villages, the power “To make all needful police regulations necessary for the provisions of good order and the peace of the municipality; and to prevent injury to, destruction of, or interference with public or private property.” Subsection 13 of Section 15. Under subsection 8 of Section 16, such corporations as are not villages are given the additional power of providing “for the prevention and extinguishment of fires,” while under subsection 1 of Section 17, cities and towns having more than 2,000 inhabitants are granted the'power “To * * * regulate all callings, trades, professions and occupations conducted, pursued, carried on, or operated within the limits of the city or town * * *.” Clearly, therefore, the town of Pineville, having a population of 4,297 according to the reported census found in the 78th Edition of the Rand-Mc-Nally Commercial Atlas and Marketing Guide for the year 1947, was within its authority and power when it enacted the ordinance under attack. While its primary object is the regulation of a trade or calling, it may incidentally be said that its object is to prevent the destruction of property by fire due to defective or improper wiring or construction of electrical fixtures.
 

 The contention of the defendant that Act No. 136 of 1898 did not confer such power upon municipal corporations because the legislature at a subsequent meeting, Act No. 217 of 1910, authorized all municipalities having a population of 25,000 or over to regulate the business of installing wires or apparatus to convey electrical current for heat, light, or power, is untenable. The legislature, on the contrary, by its adoption of the 1910 act sought to restrict the power granted in the act of 1898 to cities of 25,000 or more by placing certain specified limitations upon the authority of municipalities with respect to electrical installations in these larger cities.
 

 The argument that because of the constitutional provision in Section 8 of Article X of the Constitution of 1921 prohibiting the state from levying a license tax upon persons engaged in mechanical pursuits, the legislature was without authority to delegate such authority to municipal corporations has no application to the case now under consideration for the license or fee the defendant is here complaining of is one for the regulation of the electrical trade or calling, in which the defendant happens to be engaged, and the city was, under its police powers, authorized to regulate this trade or calling, the unrestrained pursuit of which might result in injury to not only the private and public property within the city’s limits, but also to the safety of the general public. City of Shreveport v. Bayse, 166 La. 689, 117 So. 775.
 

 
 *265
 
 The fact that a fee of $100 is charged for the privilege of participating in the examination given by the town for the purpose of testing the qualifications of those desiring to engage in the electrical trade in the city will not be inquired into for the defendant has failed to show that such a fee is unreasonable or excessive for regulation purposes. See City of Baton Rouge v. Sanchez, 161 La. 320, 108 So. 552, and 33 Am.Jur. 368, Section 46.
 

 For the reasons assigned, the conviction and sentence are affirmed.