CARAWAY, J.
 

 This suit
 
 [1]
 
 arises from the action of the Town of Waterproofs board of aldermen in declaring the office of its elected mayor vacant due to the mayor’s failure to meet the domicile requirement for office. After such action was taken at a regular meeting of the board, the mayor filed suit against the board and four of the five individual aldermen seeking a preliminary injunction and declaratory judgment. The preliminary injunction sought to prohibit the defendants from taking any action to declare the mayor’s seat vacant, interfere with his mayoral duties or appoint a new mayor. The mayor appeals the trial court’s judgment denying a preliminary injunction. Finding that the board of aldermen was without statutory authority to declare the mayor’s position vacant, we reverse the trial court judgment and grant injunctive relief.
 

 Facts
 

 In 2006, Bobby Higginbotham was elected mayor of the Town of Waterproof. The Board of Aldermen is the governing body of the town which is comprised of five individuals (hereinafter referred to as “the Board”). The facts giving rise to this litigation occurred on the evening of September 14, 2009, at a regularly scheduled Board of Aldermen meeting. At the meeting, the Board amended the announced agenda which had been prepared by the mayor and town clerk to additionally include the matter of Higginbotham’s domicile. As a result, the Board declared Higginbotham’s position vacant based upon his failure to meet the residency requirement.
 

 |2An audio recording of the meeting which was introduced into evidence at the trial of the preliminary injunction reveals that it was first moved to amend the discussion agenda to include the issue of Higginbotham’s domicile. The motion was ultimately passed without objection. The issue of the Higginbotham’s domicile later came up for discussion. Alderwoman Edna Cooper indicated that state auditors had raised questions regarding Higginbotham’s domicile and that the Board wanted to be assured that the may- or met the residency requirements. For a considerable amount of time, the Board questioned Higginbotham about where he lived, slept, ate, and registered to vote. The Board also inquired as to where Higginbotham’s vehicles were registered. Higginbotham stated that his domicile was located at 218 A Street in Waterproof. He otherwise generally refused to answer questions about his habits, but admitted that he did not stay in town all week. He indicated that he had property at several addresses but did not claim a homestead exemption on any property. When asked, Higginbotham presented his driver’s license to the Board. The license contained the above-noted Waterproof address. Higginbotham indicated that he was registered to vote at the Waterproof address and that every one of his motor vehicles was registered there as well.
 

 The mayor moved to the next item on the agenda and refused to answer any further questions about his domicile. After all items on the agenda were discussed, the mayor called for other business. It was during this time that Alderman Caldwell Flood moved to declare the mayor’s seat vacant due to Higginbotham’s failure
 
 *446
 
 to meet the residency requirement. IsAlderwoman Edna Cooper seconded the motion. When Higginbotham refused to consider the motion, Alderman Caldwell Flood, who referred to himself as the may- or pro tempore, called for a voice vote on the motion. The motion to declare the mayor’s position vacant carried by a 4-1 vote. Adjournment of the meeting was suspended until Higginbotham returned his keys to the town and left his position. Higginbotham refused to comply.
 

 On September 16, 2009, Higginbotham filed this action for injunction and declaratory relief, naming the Board and Aider-men, Caldwell Flood, Edna Cooper, George Taylor and Lionel Travers, Jr., as defendants. In relevant part, Higginbotham sought preliminary injunctions to prohibit the Board (i) from appointing any person as mayor at a September 16, 2009 scheduled meeting, (ii) from interfering with his duties as mayor, maintaining his status quo until domicile was proven, and (iii) from declaring a vacancy in the office of mayor due to the Board’s lack of statutory authority.
 
 [2]
 

 The trial judge denied a temporary restraining order and set the hearing on the preliminary injunction for September 25, 2009.
 
 [3]
 
 On September 24, 2009, the Town of Waterproof filed a motion to intervene which the trial court granted.
 
 [4]
 

 |4Trial of the issues occurred on October 1, 2009. The court deferred ruling on the defendants’ opposition to Waterproofs intervention and heard testimony from the town clerk and the five Town of Waterproof Aldermen who each testified as to their recollection of the removal of Higginbotham as mayor on September 14, 2009. After hearing the testimony and considering the evidence presented, the court determined that the Board had the authority to declare the mayor’s seat vacant and denied all requests for preliminary injunction. A signed written judgment followed on October 2, 2009. Thereafter, this appeal by Higginbotham ensued.
 

 Discussion
 

 Municipalities, being creatures of the legislature, possess only such powers as are granted to them by the legislature in express words, or those that are necessarily or fairly implied in or are incidental to the powers so expressly conferred.
 
 Town of Pineville v. Vandersypen,
 
 212 La. 521, 33 So.2d 56 (1947).
 
 See also, Horseshoe Entertainment v. Bossier Parish Police Jury,
 
 30,502, (La.App.2d Cir.6/26/98), 714 So.2d 920,
 
 writ denied,
 
 98-1941 (La.11/6/98), 728 So.2d 392.
 

 Title 33 of the Louisiana Revised Statutes provides for the governance of municipalities and sets forth the qualifications for Louisiana mayors in La. R.S. 33:384 as follows:
 

 The mayor shall be an elector of the municipality who at the time of qualifica
 
 *447
 
 tion as a candidate for the office of mayor shall have been domiciled and actually resided for at least the immediately preceding year in the municipality.
 

 IsA mayor is an elected representative (La. R.S. 33:881), and under Chapter 5 of the Louisiana Election Code, (Title 18) La. R.S. 18:581(3), vacancy in public office is defined, as follows:
 

 “Vacancy” occurs in an elective office when the office is or will be unoccupied by reason of the death of the official who was elected to the office, or by reason of his retirement or resignation, removal from office by any means, failure to take office for any reason, or when it becomes certain that the person elected to the office will not take the office on the day when the term for which he was elected commences, or when the person elected to or holding the office no longer meets the residence or domicile requirements of that office, any declaration of retention of domicile to the contrary notwithstanding, or when an office is created due to a reclassification of a municipality.
 

 See also,
 
 La. Const, art. X, § 28.
 

 Additionally, La. R.S. 33:383(C) provides for the filling of certain vacancies:
 

 C. Any vacancy in a municipal office to which the officer is elected or appointed by the mayor and board of aldermen may be filled for the term by the mayor and board of aldermen at any regular or special meeting.
 

 See also,
 
 La. R.S. 18:602(A).
 

 The Louisiana Election Code, Chapter 5, Part VII provides for a judicial process for declaring a public office vacant. La. R.S. 18:671,
 
 et
 
 seq,
 
 [5]
 
 In this section of the Elec
 
 *448
 
 tion Code which was added in 1988, the only ^occurrence for a vacancy which is addressed concerns a change in the officeholder’s “designated domicile,” which is defined as his residence or domicile listed at the time of his notice of candidacy or his appointment for the office. Such residency/domicile challenge to an officeholder results from the combined actions of a voter in the election district and the district attorney or attorney general, which result in a judicial procedure for removal of the officeholder.
 

 17From the above provisions of our law, we find that the Election Code provides the proper procedure for the challenge to the mayor’s domiciliary status in this case, so that his requested injunctive relief is warranted. The Election Code provisions, La. R.S. 18:671,
 
 et seq.,
 
 specifically address a change in the domicile of an officeholder during his term. The law deals with the declarations
 
 of
 
 vacancies in office in that narrow context
 
 [6]
 
 and provides the protection of due process and the evidentiary safeguards of a judicial proceeding.
 

 The board of aldermen’s powers for a Louisiana municipality are provided in Title 33.
 
 See,
 
 La. R.S. 33:362, 33:382, 33:386 and 33:404.1. We have reviewed those enumerated powers, and no power to remove the mayor from office is present. Likewise, in view of the specific directives of La. R.S. 18:671,
 
 et seq.,
 
 there is no implication in our law which suggests that the legislative arm of the municipality’s government may challenge the executive arm for the measure of the legal concept of the executive’s domicile without the involvement of a judicial process.
 

 Conclusion
 

 For the foregoing reasons, the ruling of the trial court is reversed. The action of the Board of Aldermen declaring a vacancy in the office of mayor being unauthorized by law is without effect. Injunctive relief against defendants is hereby granted, prohibiting defendants from further actions against the plaintiff in his capacity as mayor in violation of this ruling. |sCosts of this proceeding are assessed to defendants in the amount of $121.50, in accordance with La. R.S. 13:5112.
 

 REVERSED AND RENDERED.
 

 [1]
 

 . The suit is consolidated with a second matter concerning the Town of Waterproof,
 
 Toyna Barlow v. Town of Waterproof, et al.,
 
 45,211-CA which is also being decided at this time.
 

 [2]
 

 . Higginbotham sought declaratory judgment voiding the actions of the Board of Aldermen in declaring his seat vacant and establishing him to be a resident and domiciliary of Waterproof. Higginbotham also sought statutory penalties for an Open Meetings Law violation.
 

 [3]
 

 . A continuance was granted to the defendants to October 9, 2009. Higginbotham filed a Motion for Reconsideration of the continuance on the grounds that the trial date was beyond the statutory ten-day period required for a preliminary injunction. The trial court denied his request. Higginbotham sought writs to this court which ordered that the hearing be held no later than October 5, 2009. The hearing was set for and conducted on October 1, 2009.
 

 [4]
 

 .No signed order granting the intervention is found in the record before us. Nevertheless, at the hearing on the preliminary injunction, the trial court stated on the record that the motion had been granted.
 

 [5]
 

 . La. R.S. 18:671
 

 A. In addition to other procedures authorized by law, an office shall be considered vacant for purposes of this Part when a judgment declaring the office vacant as provided in this Subpart becomes final.
 

 B. For purposes of this Part, "designated domicile” means the residence or domicile stated on an officeholder's notice of candidacy or on the document evidencing the appointment or selection of the officeholder.
 

 C. For purposes of this Part, "proper official” means the district attorney of the officeholder’s designated domicile, except that in the case of an officeholder of a state office, as defined in R.S. 18:452, a state legislator, or a district attorney, the proper official shall be the attorney general, provided that in the case of the attorney general, the proper official shall be the district attorney of the Nineteenth Judicial District.
 

 La. R.S. 18:672
 

 When any voter lawfully registered in the district or geographical area from which an officeholder has been elected, or from which an officeholder has been appointed or otherwise selected to hold an office, has reason to believe that the officeholder no longer meets the residence or domicile requirements of that office, the voter may make a written complaint of that fact to the proper official.
 

 La. R.S. 18:673
 

 Within twenty days of the receipt of such written complaint, the proper official shall investigate and provide a written opinion, with reasons, as to whether the officeholder meets the residence or domicile requirements of the office he holds to the complainant and to the legislative or executive agency, board, commission, governing authority, or other body or entity of the state or of any political subdivision, to which the officeholder has been elected or appointed. The opinion shall also be published in the official journal of the parish of the officeholder’s designated domicile.
 

 La. R.S. 18:674
 

 A. The proper official shall institute suit in the district court of the officeholder's designated domicile to obtain a judgment declaring the office vacant within ten days after the issuance of his opinion, if his opinion is that the officeholder no longer meets the residence or domicile requirements of his office. The matter shall be tried by preference over all other matters and, if the court shall find that the officeholder no longer meets the residence or domicile requirements of his office, a judgment shall be rendered declaring the office vacant, and the vacancy may be filled as provided by law.
 

 
 *448
 
 B. A hearing on the petition for declaration of vacancy shall be held not more than twenty days after service upon the officeholder whose removal is sought. Judgment shall be rendered in the matter within ten days after trial. Either party may appeal the judgment suspensively within five days after the signing of the judgment, by obtaining an order of appeal and posting bond for a sum fixed by the court to secure the payment of costs. The trial judge shall fix the return day at a time not to exceed five days after the granting of the order of appeal. An application to the supreme court for a writ of certio-rari may be made only within three days after the signing of judgment by the court of appeal. Each appellate court to which the action is brought shall place the matter on its preferential docket, shall hear it without delay, and shall render a decision within ten days after oral argument. The granting of an order of suspensive appeal or writ of certiora-ri suspends the effect of the judgment during the pendency of such proceedings.
 

 La. R.S. 18:675
 

 The provisions of this Subpart shall not be construed as the exclusive procedure for declaration of vacancy in public office and shall not be construed to repeal any other provision of law for the removal of public officers or declaration of vacancy in public office.
 

 [6]
 

 . Other settings for vacancy in public office implicitly acknowledged in La. R.S. 18:675 are,
 
 e.g.,
 
 recall (La. Const, art. X, § 26; La. R.S. 18:1300.1,
 
 et seq.),
 
 impeachment (La. Const, art. X § 24; La. R.S. 42:1411-1414), expulsion of a member of the legislature (La. Const, art. Ill § 7) and determination of inability of a statewide election official (La. Const, art. IV § 17, 18).