## STATE EX REL. RICHARDSON v. RECORDER OF MORTGAGES ET AL.

(December 16, 1929. Opinion and Decree.)

F. Rivers Richardson and William H. Talbot, of New Orleans, attorneys for plaintiff, appellee.

I. F. Williams, of New Orleans, attorney for defendants, appellants.

HIGGINS, J. This is a suit by the owner of real estate to have certain sidewalk paving liens erased from the mortgage records. The petition for the writ of mandamus alleges that more than ten years have expired since the inscription of said mortgages and that, under the provisions of Act No. 46 of 1918, he is entitled to have said inscriptions erased. The recorder of mortgages answered, pleading the unconstitutionality of the act for the reason that it violates section 15 of article 4 of the Constitution of Louisiana of 1921 and section 10 of article 1 of the Constitution of the United States. The curator ad hoc appointed to represent the other defendants, as absentees, filed a general denial.

There was judgment in favor of relator making the preliminary writ of mandamus peremptory and ordering the cancellation of the paving liens. From this judgment the recorder of mortgages has appealed.

The sole question presented to the court is whether or not Act No. 46 of the General Assembly of Louisiana of 1918 is unconstitutional and violative of section 15 of article 4 of the Constitution of Louisiana and section 10 of article 1 of the Constitution of the United States.

Section 15 of article 4 of the Constitution of Louisiana, adopted June 18, 1921, reads as follows:

"No ex-post facto law, nor any law impairing the obligation of contracts, shall be passed; nor shall vested rights be divested, unless for purposes of public utility, and for just and adequate compensation previously paid."

The relevant part of section 10 of article 1 of the Constitution of the United States reads as follows:

"No State shall enter into any Treaty, * * * pass any Bill of Attainder, ex post facto Law, * * * or Law impairing the Obligation of Contracts * * *."

Act No. 46 of the Louisiana Legislature of 1918 reads as follows:

"Be it enacted by the General Assembly of the State of Louisiana, that claims, liens and privileges for paving streets, alleys and sidewalks shall prescribe by ten years from the date of the certificates or other evidences of such claims, liens and privileges; provided, that in all cases where the cost of the paving shall have been advanced by any Parish, City or Town, to be refunded in annual installments in accordance with existing laws, the claims, liens and privileges shall prescribe in the same manner as now provided by the Constitution and laws of this State for the prescription of taxes, tax liens, and privileges, provided that the provisions of this act shall not take effect until the first day of January, 1919."

It is contended by the defendant the recorder of mortgages that Act No. 46 of 1918 is unconstitutional, first because it is an ex post facto law, and second, because it is a law impairing the obligations of contracts.

No brief was filed and no argument made in this court by counsel for defendant recorder of mortgages, the case being submitted upon the brief of relator. The Supreme Court of this state in the case of Cane vs. Herndon, 107 La. 600, 32 So. 33, 37, in speaking of prescription with reference to tax titles, said:

"As to the policy of such legislation and the power of the state, all writers and jurists are agreed. 'The policy of such laws is unquestionable, and the power to enact them is undisputed.' Cooley, Tax'n, 376. 'Public policy demands the enactment of such laws, and they are universally sanctioned by the practice of nations and the consent of mankind.' Blackw. Tax Titles, 643. Prescription is a thing of policy,

growing out of the experience of its necessity; and the time after which suits or actions shall be barred has been, from a remote antiquity, fixed by every nation, in virtue .of that sovereignty by which it exercises its legislation over all persons and property within its jurisdiction. McElmoyle v. Cohen, 13 Pet. 312, 10 L. Ed. 177."

˙ In the case of Atchafalaya Land Co. vs. Williams Cypress Co., 146 La. 1064, 84 So. 351, 357, the court said:

"Counsel for the plaintiff and interveners cite Cooley's Constitutional Limitations, Black's Constitutional Law, and Watson on the Constitution, in support of the well-recognized doctrine that a statute cannot, under the guise of merely changing the remedy for asserting a right or for enforcing an obligation, immediately take away the right or materially impair the means of enforcing the obligation. The test of validity of a statute of limitation, under that doctrine, is whether it allows a reasonable time for the assertion of the right or the enforcement of the obligation; and the Legislature is primarily the judge of the reasonableness of the   time allowed. Watson on the Constitution, vol. 1, p. 799, under the title, What Is an Impairment of the Obligation of a Contract, says: 'So, a contract may be impaired by a change in the statute of limitations. The rule is that statutes affecting existing rights are not contrary to the Constitution when they give a reasonable time to begin an action before it is barred by the statute. The question in such a case always is whether the time is reasonable, and that is left to the judgment of the Legislature; and the courts will not determine it unless the error is a palpable one. It was held that nine months and seventeen days in which to sue on a cause of action which had already run nearly four years was not unreasonable.' "

In the case of Wheeler vs. Jackson, 137 U. S. 246, 11 S. Ct. 76, 34 L. Ed. 659, involving the unconstitutionality of a prescriptive statute, the court held (syllabus):

"(1)   That this section is not repugnant to the clause of the Constitution of the United States forbidding a state to pass any law impairing the obligation of contracts, or to the clause declaring that no state shall deprive any person of property without due process of law.

"(2)   That, consistently   with   those clauses, the legislature may prescribe a limitation for the bringing of suits where none previously existed, as well as shorten the time within which suits to enforce existing causes of action may be commenced, provided, in each case, a reasonable time, taking all the circumstances into consideration, be given by the new law for the commencement of suit before the bar takes effect."

An examination of the authorities on this question shows that the Supreme Courts of this state and of the United States have uniformly held that the state has a right to pass a prescriptive statute, placing a limitation of time even upon the assertion of a right theretofore having no limitation upon its assertion, or a different limitation, and the legality of such a statute is unquestionable if it affords a reasonable time within which to assert the right. See U. S. vs. Morena, 245 U. S. 392, 38 S. Ct. 151, 62 L. Ed. 359; Blinn vs. Nelson, 222 U. S. 1, 32 S. Ct. 1, 56 L. Ed. 65, Ann. Cas. 1913B, 555; Soper vs. Lawrence Bros. Co., 201 U. S. 359, 26 S. Ct. 473, 50 L. Ed. 788; Wilson vs. Iseminger, 185 U. S. 55, 22 S. Ct. 573, 46 L. Ed. 804; Crow vs. Board of Supervisors of Road District, 141 La. 1017, 76 So. 182; Hurry vs. Hurry, 144 La. 877, 81 So. 378.

The next inquiry is whether or not Act No. 46 of 1918 allowed reasonable time within which the owner of liens and privileges for paving would have an opportunity to assert his right thereunder. It is to be noted that the prescriptive period is ten years and the provision of the statute is not to take effect until the 1st of January, 1919. The liens in question were recorded January 22, 1909, and we are therefore of

the opinion that a reasonable time was provided by the statute for the commencing of such suits before the prescriptive period takes effect. We are therefore of the opinion that Act No. 46 of 1918 is constitutional, and not violative of section 15 of article 4 of the Constitution of Louisiana and section 10 of article 1 of the Constitution of the United States.

Under the plain provisions of Act No. 46 of 1918, relator was entitled to the relief prayed for. See also State ex rel. Mattern vs. City of New Orleans et al., 9 La. App. 95, 119 So. 94.

For the reasons assigned the judgment is affirmed.