## CITY OF SHREVEPORT v. URBAN LAND CO., Inc.

### No. 4990.

Court of Appeal of Louisiana.
Second Circuit.

Feb. 5, 1935.

M. T. Monsour, of Shreveport, for appellant.

Foster, Hall, Barret & Smith, of Shreveport, for appellee.

TALIAFERRO, Judge.

This suit involves, primarily, the legality of a paving assessment and present status of the lien flowing therefrom, against a part of lot 11 of block 17 on Caddo street in the city of Shreveport, formerly owned by Mrs. Anna D. McClellan. The ordinance of the city of Shreveport accepting paving on Caddo street including that involved herein, fixing the amount due by the abutting property owners, and making assessments accordingly, as prescribed by Act No. 187 of 1920, amended by Act No. 115 of 1922, was finally adopted on September 11, 1923. It was duly and timely registered in the mortgage records of Caddo parish on September 21st, following, in order to evidence and preserve the lien securing payment of the paving costs as therein fixed.

At the time the paving was done by the city, the property above described was owned by Mrs. Anna Davenport Lucas, sole heir of Mrs. McClellan. The ordinance accepting the paving refers to the property as being owned by Mrs. McClellan. The amount of the paving assessment was originally $257.87. It has been reduced to $125.87, the amount for which this suit was instituted. It is provided in said ordinance that all amounts due by the abutting property owners, as therein fixed, shall be due and payable immediately upon passage of the ordinance, and if not paid within ten days thereafter, the city, or its transferees, shall have the right to enforce payment thereof, with interest and attorney's fees. It is also provided that the property owners shall have the privilege of paying 20 per centum of the amount due by them, respectively, within ten days, and of paying the balance in four equal annual installments by executing their promissory notes therefor. However, in the present case, the property owner did not avail herself of this privilege. No notes or lien certificates were signed by her.

On July 15, 1927, Mrs. Susan D. Lucas executed her three notes for $250 each to her own order and by her indorsed, and mortgaged said property to secure payment thereof. The mortgage was promptly recorded and Marion K. Smith purchased the notes. Before doing so, he procured from the clerk and recorder of Caddo parish a mortgage certificate which did not show registry of the paving lien to the city of Shreveport, herein sued on. Mrs. Lucas failed to pay said mortgage notes and Mr. Smith foreclosed the mortgage and bought the property in at sheriff's sale. The mortgage certificate delivered to the sheriff by the clerk and recorder at the time of the sheriff's sale, also, did not disclose that said paving lien was of record. Smith sold the property to the Urban Land Company, Incorporated, defendant herein, by warranty deed.

Plaintiff seeks to foreclose the lien and privilege granted by law to secure the payment of the cost of said paving, and cited the Urban Land Company because it is the record owner of the property affected by the lien. Judgment in rem only is prayed for. This suit was filed May 16, 1932.

Defendant challenges the validity of the purported paving lien and assessment as against its property on the ground that Anna D. McClellan was not the owner of said property at the date the assessment was made and

lien recorded, and avers that she had not been the owner thereof since 1916. It called the clerk of court of Caddo parish and Marion K. Smith in warranty. Smith also called the clerk of court in warranty because of the incorrect mortgage certificate issued by him, above mentioned. He also assails the validity of the paving lien as to said property on the same ground that defendant did. He avers he was not aware of the existence of the paving lien and assessment and purchased the mortgage notes from Mrs. Lucas and the property at sheriff's sale on the faith of the mortgage certificate issued by said clerk and recorder, which failed to disclose registry of said paving lien. He prays for judgment on his call in warranty of the same character and amount as may be given against him to defendant. Hon. W. M. Levy, clerk of court, having died before answering the calls in warranty served upon him, his surviving widow and sole heir, who had accepted his succession unconditionally, were substituted in his stead. They adopt the defenses urged by Marion K. Smith, except that they deny that he relied upon the faith of the mortgage certificate of July 16, 1927, as an inducement to purchase the mortgage notes of Mrs. Lucas. In June, 1934, defendant and the warrantors filed pleas of prescription of three and ten years, in bar of plaintiff's right to foreclose its lien and privilege, averring "that the claim, lien and privilege for paving herein sued upon has perempted by the lapse of three and ten years since its recordation." Act No. 46 of 1918 is relied on. The plea of prescription of ten years was sustained and the suit dismissed. Plaintiff appealed.

More than ten years have elapsed since the ordinance of the city of Shreveport, accepting the paving in front of the property involved and levying assessments thereunder, was recorded in the mortgage records of Caddo parish. It does not appear, nor is it contended, that the ordinance has been reinscribed in said records. Therefore, on the face of the records, defendant being a third person to the paving proceedings, a nominal defendant only, the plea that the registry of the evidence of the paving lien has perempted by the lapse of ten years appears sound. If this plea is sustained, the attack on the legality of the lien need not be considered.

Act No. 46 of 1918 reads as follows:

"To prescribe claims, liens and privileges for paving streets, alleys and sidewalks.

"Section 1. Be it enacted by the General Assembly of the State of Louisiana, that claims, liens and privileges for paving streets, alleys and sidewalks, shall prescribe by ten years from the date of the certificates or other evidences of such claims, liens and privileges; provided, that in all cases where the cost of the paving shall have been advanced by any Parish, City or Town, to be refunded in annual installments in accordance with existing laws, the claims, liens and privileges shall prescribe in the same manner as now provided by the Constitution and laws of this State for the prescription of taxes, tax liens, and privileges, provided that the provisions of this act shall not take effect until the first day of January, 1919.

"Section 2. Be it further enacted, etc., That all laws or parts of laws contrary to, or in conflict with the provisions of this act be and the same are hereby repealed."

This act has two obvious features, viz.: (1) Claims, liens, and privileges for paving streets, alleys, and sidewalks shall prescribe by ten years from the date of the certificates or other evidences of such claims, liens, and privileges; and (2) when the cost of the paving shall have been advanced or paid by the city, town, or parish, to be refunded in annual installments in accordance with existing laws, the claims, liens, and privileges shall prescribe in the manner now provided in the Constitution and laws of the state for the prescription of taxes, tax liens, and privileges.

It is clear that the instant case does not fall within the purview of the second feature of the act, as the property owner did not avail herself of the privilege of deferring payment of 80 per centum of the paving cost over a period of four years by paying 20 per centum of the cost in cash, and giving her notes for the balance. If this had been done, the provisions of section 19 of article 19 of the Constitution would probably have applied. And since the act was designed, as reflected from its title, "To prescribe claims, liens and privileges for paving streets, alleys and sidewalks," and as we are certainly dealing with the question of the prescription of a paving lien, the first feature of the act must apply to the case. The city is asserting a paving claim against the property involved. It is seeking to enforce and have recognized the statutory lien and privilege provided by Act No. 187 of 1920, amended by Act No. 115 of 1922, in order to collect its claims by sale of said property. Its "claim" is the amount of balance due for the paving. The evidence of the "claim" is the ordinance accepting the paving, adopted September 11, 1923, and fixing the amount due by said property therefor,

and making the assessment against it. The evidence of the lien and privilege is the timely recordation of this ordinance in the mortgage records.

■ It is argued by counsel of plaintiff that as this suit was filed within ten years from date of said ordinance, the current of prescription on the claim was interrupted. This contention does not take into consideration the fundamental difference between a claim for paving costs and the lien and privilege intended to secure collection thereof by the city when it has advanced the cost of the paving. Defendant is not personally bound, nor is any other person, to pay this paving cost, and even should it be conceded that filing of this in rem suit against defendant, a third person, interrupted the running of prescription on the paving claim, it does not follow that the peremption of the lien, especially of its registry, was affected to any extent thereby. A holder of mortgage notes by suing thereon may stop the current of prescription effectively as to the mortgagor, or others bound on the notes; but if he fails to have the mortgage securing said notes reinscribed within ten years from its original registry, liens, mortgages, and other incumbrances of record, originally secondary in rank to his own, will take precedence thereof. The same may be said of a suit to revive a judgment. See Dart's Civil Code, notations under article 3369. The rule is the same as to privileges. This article of the Code plainly says: "The registry preserves the evidence of mortgages and privileges during ten years. * * *" After the lapse of that period, and there is no reinscription, their effect as to third persons ceases. If reinscribed, after lapse of the ten-year period, the effect of such as to third persons is again begun from that time. Harman & Stringfellow v. Legrande et al., 151 La. 253, 91 So. 726; Commercial National Bank v. McDaniel (La. App.) 156 So. 46.

In Watson v. Bondurant, 30 La. Ann. 1, it was held, quoting the syllabus: "No mortgage has any effect as to third persons unless recorded; and save in the single case of the minor's mortgage on the property of the tutor, every mortgage ceases to have effect, except as to the parties to it, unless reinscribed in ten years from the date of its original inscription. Neither the existence of the pact de non alienando in a mortgage, nor the pendency of a suit to enforce the mortgage obviates the necessity of its inscription, or its reinscription."

In State ex rel. Richardson v. Recorder of Mortgages, 12 La. App. 62, 125 So. 473, the syllabus, which correctly reflects the court's holding, reads: "Where more than 10 years had elapsed since inscription of paving liens on mortgage records, owner of property incumbered held entitled to mandamus to compel recorder of mortgages to erase liens from mortgage record in view of Act No. 46 of 1918, imposing 10-year prescription on claims, liens, and privileges for paving streets, alleys, and sidewalks."

In State ex rel. Mattern v. City of New Orleans et al., 9 La. App. 95, 119 So. 94, the court considered Act No. 46 of 1918, and ordered canceled a paving lien of record for more than ten years.

It seems clear to us that the liens and privileges dealt with in this act are put on all fours with mortgages and other liens and privileges against real estate, and that the general law applicable to reinscription thereof, to continue their effect as to third persons, is equally applicable to them.

■ We hold that defendant is a third person, as regards this paving lien and privilege, and as to it the effect of the inscription of the paving lien and privilege ceased after September 21, 1933.

Counsel for plaintiff relies upon and quotes from State ex rel. Meriwether v. City of Shreveport, 151 La. 203, 91 So. 678; Barber Asphalt Paving Company v. King, 130 La. 788, 58 So. 572, wherein it was held that paving liens were imprescriptible; that they continued in effect until the cost of the paving was paid in full; that it was not necessary to their life and effect that they be reinscribed before the running of ten years.

The Barber Asphalt Paving Co. Case was decided before Act No. 46 of 1918 was passed. The Meriwether Case was decided after adoption of the act. This act is not referred to or mentioned. It is most probable that the rights of all parties thereto were fixed and controlled by Act No. 10 of 1896, which was therein discussed. We notice the lien was recorded in July, 1906. The case probably began before the 1918 act went into effect on January 1, 1919. At all events, we do not think this decision should have any influence upon the present case. Doubtless it was to prevent further decisions by our courts, holding that under the then existing laws that paving liens were imprescriptible, that the Legislature passed Act No. 46 of 1918. It was designed to supply a need which was leading to unusual and undesired conditions.

Judgment affirmed.