In the month of November, 1930, a majority of the owners of real estate abutting Lafayette Street, between the east end thereof and the east side of Bevill Street, within the Town of Winnfield, Louisiana, petitioned the Mayor and Board of Aldermen of that municipality to pave the described section of Lafayette Street and to assess the entire paving cost against their respective properties.
Affected by this proposed paving program was a lot of ground then owned in indivision by Mrs. W.F. Jackson and E.H. Jackson, neither of whom signed the presented petition.
The Mayor and Board of Aldermen, on December 4, 1930, ordained that the desired pavement be constructed pursuant to the provisions of Act 3 of the Extra Session of the Louisiana Legislature of 1929, and they authorized the town clerk to advertise for bids on the work.
Thereafter, a bid submitted by the Roberts Paving Company of Salisbury, Maryland, was accepted, it having appeared to be the lowest and best; and that company was awarded the paving contract.
By Ordinance No. 21, adopted July 8, 1931, the Town of Winnfield through its governing authority formally accepted the paving as having been satisfactorily completed in accordance with the plans and specifications, and assessed all affected real estate with the pavement costs. This ordinance, immediately after its adoption, was filed and recorded in the mortgage records of Winn Parish, Louisiana, and, by virtue of the recordation, it operated as a lien and privilege against the assessed properties.
Some of the owners discharged their assessments immediately by a full payment in cash. Others, availing themselves of the option granted by Act 3 (E.S.) of 1929 and described in Ordinance No. 21, paid 5% of their indebtedness in cash and executed ten annual notes in favor of the municipality, each being for 10% of the unpaid balance.
Neither of those methods was followed by Mrs. W.F. Jackson and E.H. Jackson. They did pay 5% of their assessment in cash on July 15, 1931, but refused to give notes for the balance; and on July 12, 1932, they paid $43.42. No further payments were made by them.
Following the completion and formal acceptance of the work, the Town of Winnfield effected a settlement with the contractor, the Roberts Paving Company. The latter was given all of the cash that had been received to that time from the owners of the assessed property. For the balance of the contract price, the municipality issued and gave its ten certificates of indebtedness. The notes executed by the property owners were not attached to the certificates. The town retained them.
Almost ten years after the adoption and recordation of Ordinance No. 21, the Town of Winnfield instituted this suit against the said Mrs. W.F. Jackson and E.H. Jackson for the purpose of obtaining the recognition and enforcement of its alleged paving lien and privilege on the Jackson property and, incidentally, to collect the balance owing for the pavement constructed in front of it.
In resisting the demands of plaintiff in the trial court, defendants, as stated by their counsel, relied on the prescriptions of three and ten years liberandi causa.
The pleas of prescription were overruled, judgment was rendered in plaintiff's favor in accordance with its prayer, and defendants appealed. *Page 657 
Following the perfecting of the appeal, Mrs. Jackson conveyed her interest in the property to O.J. Mixon; and the transferee, by proper motion, has been made a party defendant in her place and stead.
The pleas of prescription are predicated on the following provisions of Act 46 of 1918:
"Be it enacted by the General Assembly of the State of Louisiana, that claims, liens and privileges for paving streets, alleys and sidewalks shall prescribe by ten years from the date of the certificates or other evidences of such claims, liens and privileges; provided, that in all cases where the cost of the paving shall have been advanced by any Parish, City or Town, to be refunded in annual installments in accordance with existing laws, the claims, liens and privileges shall prescribe in the same manner as now provided by the Constitution and laws of this State for the prescription of taxes, tax liens, and privileges, provided that the provisions of this act shall not take effect until the first day of January, 1919."
The constitutional provision referred to is found in Article 186 of the Louisiana Constitution of 1913, and recites:
"* * * provided, such tax liens, mortgages, and privileges, shall lapse in three years from the 31st day of December, in the year in which the taxes are levied, and whether now or hereafter recorded."
The same expression appears in Article 19, Section 19 of our Constitution of 1921.
Plaintiff's demand, it appears, is barred only in the event that there is applicable the second feature of the quoted statute provisions, or that which provides for three years' prescription, for counsel for appellants concede that the suit was instituted before the prescriptive period of ten years ran.
A careful and close study of said Act 46 of 1918 discloses that the first part thereof states the general or primary rule of prescription respecting paving liens. It recites specifically that liens of that nature shall prescribe by ten years from the date of the certificates or other evidences of them. Evidence of a paving lien, it has been held, is the timely recordation of the assessment ordinance in the mortgage records of the parish where the property lies. City of Shreveport v. Urban Land Company, Inc., La.App., 159 So. 158.
But the second part of the statute, or the proviso clause, announces an exception to the stated general rule. The prescription of three years rather than of ten years, under this exception, applies where the cost of the paving shall have been advanced by the political subdivision, to be refunded in annual installments in accordance with existing laws.
Thus, there arises the question: When does a municipality advance paving costs to be so refunded?
Obviously, there existed in 1918, of which the Legislature of that year was aware, certain paving laws that necessitated the enactment of an exception to the general ten year prescriptive rule. With this in mind, we sought out and studied all statutes relating to street paving then in force and effect. Among these were Act 131 of 1904, this being later amended and re-enacted by the aforementioned Act 3 (E.S.) of 1929, and also Act 210 of 1914 and Act 27 (E.S.) of 1915.
Each of those statutes provided authorization for a municipality's advertising for bids, for the letting of a paving contract to the lowest responsible bidder, for the acceptance of the completed work, for the assessment of costs on abutting real estate through the adoption and recordation of an ordinance, and for the property owners' payment of the costs in deferred annual installments.
Additionally, the 1914 Act stated:
"Instead of letting the contract to the lowest bidder for the paving of a street, alley or portion thereof the municipality may purchase the material and have the work done, in which case the cost of the work when completed, shall be paid for and assessed in the same manner as provided for in Section 2 of this Act." § 3.
And the statute of 1915 similarly said:
"The governing body of municipalities shall let the contract to the lowest responsible bidder who can furnish satisfactory security, but shall have the right to reject any and all bids, provided that, instead of letting the contract to the lowest bidder, the municipality may purchase the material and have the work done, in which case the cost of the work when completed shall be assessed and paid for as provided in this act." § 3. *Page 658 
These quoted provisions from the Acts of 1914 and 1915 are, in our opinion, responsible for the proviso clause or exception found in the prescription Act of 1918, and provide an answer to the above propounded question. When a town purchases the required material and itself undertakes the actual construction of the desired pavement, it is then advancing the costs of the paving. These costs, under the statutes effective in 1918, could be refunded to the municipality by the property owners in annual installments.
Where a paving project is handled entirely by an independent contractor, under a contract duly let, there occurs no advancement of costs by the municipality. The contractor in that case is paid, following the work's completion and acceptance, in whole or in part with cash, notes of the property owners, or the municipality's certificates of indebtedness.
In the instant controversy, the Town of Winnfield did not purchase materials and itself undertake the paving of Lafayette Street. An independent contractor, duly and legally authorized, had entire control of the project and furnished the required labor and materials. Consequently, under Act 46 of 1918, as we interpret it, there is not applicable here the three years' prescription which its proviso or excepting clause affords. Instead the prescription of ten years, provided by the general rule stated in the first part thereof and which has not run, is controlling.
The trial judge correctly held, we think, that plaintiff's claim had not prescribed; and, accordingly, the judgment is affirmed.
DREW and TALIAFERRO, JJ., concur.