LOTTINGER, Judge.
Relator, Mr. Carmel Convent of Ab-beville, La., Inc., the owner of the following described property, to-wit:
That certain parcel of land, lying and being situated in the Town of Ab- ■ beville, Louisiana, bounded north by Estate of C. J. Edwards, south by Vermilion Street, east by Anthony Guari-no, ct ais, and west by North Main Street.”
seeks by Mandamus to compel the Clerk of Court and. Recorder of Mortgages of Vermilion Parish, to cancel certain paving-liens of record in the mortgage records of Vermilion Parish, and further seeks to-have the Town of Abbeville, Louisiana, to return to relator the sum of money paid under protest in connection with certain paving liens affecting the above described: property.
The lower court ordered the Clerk of Court and ex-officio Recorder of the Parish of Vermilion to cancel from the Mortgage-Records of his office, said paving liens and. *919 ordered the Town of Abbeville, to return to relator the said sum of money paid under protest in connection with said paving liens, and the Town of Abbeville has appealed to this court from said judgment.
The petition alleges that on January 17, 1939, the governing authority of the Town of Abbeville, Louisiana, adopted Ordinance No. 4 of 1939, which levied an assessment of $717.50 against the Convent’s property for paving the abutting street, which was duly recorded in the Mortgage Records January 21, 1939, and that on May 29, 1939, the governing authority of the Town of Abbeville adopted Ordinance No. 7 of 1939 which levied an assessment of $427 against the Convent’s property for paving the abutting street, which was likewise duly recorded in the Mortgage Records on May 30, 1939.
The paving liens thus created were not re-inscribed within ten years or until July 8, 1952, and the Convent invokes the prescription of ten years provided for by LSA-R.S. 33:3746 (Act No. 46 of 1918), which provides:
“Claims, liens and privileges for paving streets, alleys, and sidewalks shall prescribe by ten years from the date of the certificates or other evidences of the claims, liens, and privileges. In all cases where the cost of the paving has been advanced by any parish, city or town, to be refunded in annual installments, the claims, liens, and privileges shall prescribe in the same manner as taxes, tax liens, and privileges.”
The petition further alleges that the relator was in the process of selling said property after the re-inscription and paid said paving liens under protest and with the understanding that the matter would be later judicially determined, in order to deliver to the purchaser an unencumbered title to said property. The Town of Ab-beville is ruled to show cause why it should not be ordered to return to petitioner the sums paid under protest as hereinabove set forth.
In the case of City of Shreveport v. Urban Land Co., Inc., La.App., 159 So. 158, 160 the Court’of Appeal, Second Circuit, held that paving liens are ineffective as to third persons after ten years when ordinance accepting paving and levying assessment, recorded in Mortgage Records, was nof re-inscribed within ten years: And in that case, it was also held that one who acquired land after the lien was imposed was “third person” as regards - lien and privilege, as to whom -effect of re-inscription of paving liens and privilege ceased after ten years. However, counsel for the Town of Abbeville point out that the Court in that case said:
“It seems clear to us that the liens and privileges dealt with in this act (referring to Act 46 of 1918, [LSA] R.S. 33:3746, supra) are put on all four's with mortgages and other liens and privileges against real estate, and that the general law applicable to re-inscription thereof, to continue their effect as to third persons, is equally applicable to them.”
Counsel for the Town of Abbeville argues that in view of the foregoing observation by the Court of Appeal, Second Circuit, the paving assessments here under consideration,' although they might have lost their rank because of the failure to re-inscribe them timely, are nevertheless en-forcible against the original owner of the property at the time of their levy, as they are not the “third persons” contemplated in the Urban Land Co. case, supra. He argues that a mortgage as between the original parties which is not re-inscribed in ten years does not prescribe but only loses its rank. He likens this to the facts in the case at bar and concludes his argument by saying that claims for paving liens and privileges are ineffective as to “third persons” after ten years unless re-inscribed before then, but that the claims can be enforced against property, the ownership of which has not changed.
A careful reading of the act in question convinces the court that counsel’s argument is not tenable. The plain lan *920 guage of the act malees the claim itself prescribe in ten years from the date of the certificates or other evidences of the claim, liens, and privileges. It is .our appreciation of the act that the ten years from the date of the certificates or other evidences of the claim, etc., means ten years from the date of the certificates or when the ordinance imposing said lien and privilege is timely recorded or re-inscribed within the original ten year period. It is our appreciation from the record that the claim against relator was not asserted within the ten years as provided by the act, and that the re-inscription of said ordinance was made long after the paving lien had pre? scribed.
Since this is not a conventional mortgage, but is a charge imposed by the Town of Abbeville upon the property of relator, and ten years had expired from the time of recordation of said ordinance, we are inclined to believe and do hold that the said claim was prescribed prior to the re-inscription of said ordinance and that -the prescription should be invoked.
. It is felt that such a holding is in keeping with the obvious intention of the Legislature in enacting Act No. 46 of 1918. - In this connection, the following language of the court in the Urban Land Co. case, supra, is considered appropriate:
. “Counsel for plaintiff relies 'upon and quotes from State ex rel. Meriwether v. City of Shreveport, 151 La. 203, 91 So. 678; Barber Asphalt Pav. Co. v. King, 130 La. 788, 58 So. 572, wherein it was held that paving liens were imprescriptible; that they continued in effect until the cost of the paving was paid in full; that it was not necessary to their life and effect that they be re-inscribed- before the running of ten years.
“The Barber Asphalt Paving Co. Case was decided before Act No. 46 of 1918 was passed. The Meriwether Case was decided after adoption of the act.1 This act is not referred to or mentioned. It is most probable that the rights of all parties thereto were -fixed and controlled by Act No. 10 of -.1896, which was therein discussed. We notice the lien was recorded in-July, 1906. The case probably began before the 1918 act went into effect on January 1, 1919. At all events, we do not think this decision should have any influence upon the present case. Doubtless it was to prevent further decisions by our courts,' holding that under the then existing laws' that paving liens were imprescriptible, that the Legislature passed Act No. 46 of 1918. It was designed to' supply a need which was leading to unusual and undesired conditions.”
Therefore for the above and foregoing reasons, the judgment appealed from is affirmed.
Judgment affirmed.