392 So.2d 794 (1980)
John Sheldon TOOMER, Plaintiff-Appellee
v.
CITY OF LAKE CHARLES, Louisiana et al, Defendants-Appellants.
No. 7938.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
Writ Refused February 13, 1981.
*795 McHale, Bufkin & Dees, Michael K. Dees, Lake Charles, for defendants-appellants.
Gregory Belfour, Lake Charles, for defendant-appellee.
Rester & Van Norman, John L. Van Norman, III, Lake Charles, for plaintiff-appellee.
Before GUIDRY, STOKER and DOUCET, JJ.
GUIDRY, Judge.
In this suit plaintiff seeks judgment declaring certain claims, liens and privileges, resulting from the levying of special assessments by the City of Lake Charles, Louisiana, against immovable properties owned by him, extinguished or prescribed and ordering cancellation of same from the mortgage records of Calcasieu Parish. Plaintiff instituted a similar suit against Acton Hillebrandt, Clerk of Court for Calcasieu parish and the City of Lake Charles which latter suit was consolidated with the instant suit for purpose of trial and remains so on appeal. We this day render a separate decree in the latter suit.
The trial court rendered judgment in favor of plaintiff and the defendant City has appealed. The Clerk of Court, Acton Hillebrandt, has neither appealed nor answered the appeal.
The trial judge, in a well written opinion, has succinctly set forth the facts giving rise to the instant controversy and his legal conclusions in regard thereto. We quote the well prepared opinion of the trial court in full:
"These two consolidated cases involve street and sidewalk paving assessments made by the City of Lake Charles against property owned by John Sheldon Toomer. The property owned initiated the suits alleging that the claims, liens and privileges resulting from the recordation of ordinances levying assessments against the property are prescribed and that the inscriptions thereof should be cancelled. In both suits the City reconvened for the alleged balances due from the original assessments owed by the respective properties owned by Toomer.
The case was presented to the court by way of stipulated facts. The facts are essentially what appear on the public records, i. e., the ordinances, recordation data and reinscription dates, together with the admission that the assessments have not been paid.
Based on these stipulations, it is apparent that there were three ordinances levying assessments. Ordinance No. 1068, adopted October 25, 1956, levied an assessment for a sidewalk. Adopted pursuant to LSA-R.S. 33:3301-3316, this ordinance provided that the amount due, if not paid on adoption of the ordinance, would be payable in annual installments over a period of ten years beginning December 31, 1956, and ending December 31, 1965. This ordinance was reinscribed February 1, 1967. Nothing has been paid on the amount due as a result of the assessment against the property by the enactment of this ordinance.
The second ordinance involved was Ordinance No. 1185 adopted August 3, 1959 for street paving. It was adopted pursuant to the same statutory authority and the failure of the owner to pay the assessment implemented a schedule of ten annual installments beginning December 31, 1959 and ending December 31, 1968. This ordinance was reinscribed June 29, 1971. Nothing has ever been paid on that assessment.
The third ordinance was Ordinance No. 1275 adopted June 21, 1961. It provided a ten year repayment schedule also, from December 31, 1961 until December 31, 1970. It was reinscribed June 29, 1973. No payments were ever made under this assessment.
The property owner's allegations of prescription are based upon LSA-R.S. 33:3746 (Act No. 204, § 1 of 1954) in effect at the time that the ordinances were passed. This statute then read as follows:

*796 `Claims, liens and privileges resulting from the levying of local or special assessments by any parish, municipality, sewerage district or other special taxing district to cover the cost of constructing, paving, surfacing, resurfacing or otherwise improving streets, roads, sidewalks and alleys or the cost of the construction, installation or maintenance of sewerage systems shall prescribe three years after the date when the final installment or deferred payment of said local or special assessment shall become due and payable under the terms of the ordinance or resolution levying the assessment.'1
1 The commencement date of the three year prescriptive period provided by this statute is the date the last payment was due, whether or not failure to pay prior payments accelerated the obligation, according to City of Lafayette v. Marks Construction Company, Inc., 317 So.2d 232 (La.App. 3rd Cir.1975). By Act 709 of 1975 the Legislature amended the statute to incorporate this interpretation.
Following what is apparently standard practice where the property owner has not paid the assessments, the City caused each of the ordinances herein to be recorded again before the three year prescriptive period ran, counting in each case from the date that the last or tenth installment was due. This is the City's way of reinscribing the assessments, and it is the City's contention that this has the effect of interrupting prescription on the claim and the privilege and of preserving both for an additional ten years. The City reinscribed these ordinances but once, the most recent being Ordinance No. 1275, reinscribed June 29, 1973.
Suit was filed by Toomer on August 9, 1976. The City reconvened on September 9, 1977, asserting its claims for the assessments and its lien and privilege.
It is the contention of the property owner that there is no statutory or juris-prudential authority for extending the life of a claim for paving by reinscription. It is the property owner's contention that the only way the municipality can keep prescription from running is by filing a suit on the claim before prescription has run. It is accordingly his contention that the attempted reinscription was without legal effect.
The City of Lake Charles contends, on the contrary, that there is jurisprudential authority that a paving lien may be reinscribed and that this has the effect of keeping alive the claim on which the lien and privilege is based. It points out that before the year 1918 paving liens were imprescriptible but that by virtue of Act 46 of 1918, a prescription of 10 years was provided for claims, liens and privileges for paving, and that this prescriptive time of ten years was the law until 1954. Since 1954 and the passage of Act 204 of that year the prescriptive period has been three years.
The cases on which the City relies were decided between 1918 and 1954. They are City of Shreveport v. Urban Land Company, 159 So. 158 (La.App. 2nd Cir. 1935) and Mount Carmel Convent of Abbeville, La. v. Hebert, 68 So.2d 918 (La.App. 1st Cir. 1953).
These cases support the City's contention that a paving lien can be reinscribed. Dicta in the City of Shreveport case, supra, at page 160, states:
`It seems clear to us that the liens and privileges dealt with in this Act (Act 46 of 1918) are put on all fours with mortgages and other liens and privileges against real estate, and that the general law applicable to reinscription thereof, to continue their effect as to third persons, is equally applicable to them.'
In this case the court found that the owner at the time of suit was different from the owner at the time of recordation of the ordinance creating the assessment. The new owner was therefore a third person, and the court invoked the law that the effect of registry ceases as to this third person for failure to reinscribe at the end of ten years (this being the prescriptive period of the claim, lien and privilege in existence at the time of this case).
Interestingly, in the City of Shreveport case, suit was filed by the City within ten years from the date of the ordinance, and the contention was advanced by the City that this interrupted prescription. The court responded that perhaps it did but that it was the effect of the inscription of the *797 lien and privilege on third persons, and not the claim for paving costs, with which it was concerned in the case and as to which there is a fundamental difference. Said the court:
`(1) It is argued by counsel for plaintiff that as this suit was filed within ten years from date of said ordinance, the current of prescription on the claim was interrupted. This contention does not take into consideration the fundamental difference between a claim for paving costs and the lien and privilege intended to secure collection thereof by the city when it has advanced the cost of the paving. Defendant is not personally bound, nor is any other person, to pay this paving cost, and even should it be conceded that filing of this in rem suit against a defendant, a third person, interrupted the running of prescription on the paving claim, it does not follow that the peremption of the lien, especially of its registry, was affected to any extent thereby. A holder of mortgage notes by suing thereon may stop the current of prescription effectively as to the mortgagor, or others bound on the notes; but if he fails to have the mortgage securing said notes reinscribed within ten years from its original registry, liens, mortgages and other incumbrances of record, originally secondary in rank to his own, will take precedence thereof ...'
It was not a third person but the original owner that was the plaintiff in the Mount Carmel Convent case, supra. There, the prescriptive period was ten years and neither was suit filed nor was the ordinance reinscribed within that time. The ordinance was later reinscribed, but long after the ten year prescriptive period had run. The court said:
`The plain language of the act makes the claim itself prescribe in ten years from the date of the certificates or other evidence of the claim, liens and privileges. It is our appreciation of the act that the ten years from the date of the certificates or other evidences of the claim, etc., means ten years from the date of the certificates or when the ordinance imposing said lien and privilege is timely recorded or reinscribed within the original ten year period. It is our appreciation from the record that the claim against relator was not asserted within the ten years as provided by the act, and that the re-inscription of said ordinance was made long after the paving lien had prescribed.'
The reasoning applied by the courts in the City of Shreveport and Mount Carmel Convent cases is in accord with basic Civil Code concepts regarding obligations and privileges. The claims here are the shares owed by each tract for the street and sidewalk paving costs. They are obligations owed by the land. The obligations would be classified real obligations under Civil Code Article 1997. One of the ways that obligations are extinguished is by prescription. Civil Code Article 2130.
Under LSA-R.S. 33:3306 and the ordinances passed pursuant to its authority, the amount of these claims or obligations became due on the passage of the ordinance. When not paid in 30 days, it was conclusively presumed that the owner elected to pay by installments. A certified copy of the ordinances when filed and recorded in the mortgage records then operated as liens and privileges on the property to secure the claims.
A lien and privilege consists of a right of preference on property granted by statute to the creditor, here the City, as security for its claim. Civil Code Article 3128.[1] Privileges are creatures of the law. Civil Code Article 3185. They exist only with respect to debts expressly made privileged by code article or statute. They are preserved by recordation, Civil Code Article 3271, and may be extinguished by extinction of the debt which gave birth to them, or by prescription. Civil Code Article 3277.
Applying these basic concepts and the rationale of the decisions above discussed to the instant facts, it appears to the court that the City's claims herein have prescribed *798 and are unenforceable. The reinscription in each case did not preserve the claim itself from prescription, just as in the City of Shreveport case the filing of suit, although causing an interruption of prescription on the claim, did not supply the want of reinscription and operate to preserve the lien and privilege as to third persons. Prescription of a claim for paving costs can be interrupted as can prescription on any obligation. But prescription on the claim itself cannot be interrupted by reinscription, which operates only to preserve the effect of registry. Reinscription will preserve the lien and privilege but not the claim. If the claim is prescribed, then the lien and privilege is unenforceable and its recordation must be ordered cancelled and erased.
It appears to the court that filing suit is the only way that prescription can be interrupted on a paving claim. By analogy, the Legislature has expressly declared this to be the only way to interrupt prescription of certain other claims secured by privilege, for example the Private Works Act, LSA-R.S. 9:4801, et seq. and the Oil, Gas and Water Wells claim and privilege, LSA-R.S. 9:4861, et seq. As noted earlier in this opinion (page 3), suits (the reconventional demands) were not filed on any of the paving or sidewalk claims herein until more than three years after prescription began to run.
For these reasons, the court must hold that prescription applies as to all three claims for sidewalk and street paving, and that the privileges resulting from the assessments against the property are extinguished by the extinction of the debts which gave birth to them. The liens must be ordered cancelled and erased from the public records.
Defendants are exempt from costs.
We agree with the learned trial judge that the terms "Claims, liens and privileges" employed in LSA-R.S. 33:3746 are not synonymous nor were they intended to be considered synonymous. As stated by our brethren of the Second Circuit in the City of Shreveport case, there is a "fundamental difference between a claim for paving costs and the lien and privilege intended to secure collection thereof by the city when it has advanced the cost of the paving". We likewise agree with the conclusion of the learned trial judge that since a lien or privilege is only an accessory right to the claim or debt, providing security and payment by preference, it has a life coextensive with that of the debt it is intended to secure, the result being that when the debt or claim is extinguished by prescription the privilege becomes extinct also. LSA-C.C. Art. 3277; Washington v. Washington, 116 So.2d 124 (La.App. 1st Cir. 1959), reversed on other grounds 241 La. 35, 127 So.2d 491 (La.1961). Pelican State Associates, Inc. v. Winder, 253 La. 697, 219 So.2d 500 (La. 1969). Finally, we agree with the trial court that the reinscription of the several ordinances prior to expiration of the prescriptive period allowed by LSA-R.S. 33:3746 did not serve to preserve the claim from prescription, the result, at best, being preservation of the lien and privilege, although we express no opinion that a lien or privilege granted by LSA-R.S. 33:3306 can be preserved by reinscription pursuant to the provisions of LSA-C.C. Article 3369. In this latter connection we observe that LSA-R.S. 33:3301 et seq. make no provisions for reinscription of the lien or privilege granted by section 3306. It is well settled that laws regulating the collection of taxes or licenses are sui generis and constitute a system to which the general provisions of our Civil Code have little, if any, application. Triangle Oil Co. v. City of New Orleans, 5 So.2d 558 (Orleans App. 1942); City of New Orleans v. Jackson Brewing Co., 162 La. 121, 110 So. 110 (La. 1926); Lisso & Bro. v. Police Jury, 127 La. 283, 53 So. 566 (La.1910).
Considering the stipulated facts and the explicit provisions of LSA-R.S. 33:3746, we conclude, as did the trial court, that plaintiff is entitled to judgment.
For the above and foregoing reasons the judgment appealed from is affirmed, costs of this appeal to be taxed to the *799 defendant pursuant to the provisions of LSA-R.S. 13:5112.[2]
AFFIRMED.
NOTES
[1] Erroneous citation, see C.C. Article 3186.
[2] The trial court concluded that the defendants were exempt from the payment of costs and therefore the judgment appealed from made no award of trial court costs. The trial judge apparently overlooked the provisions of LSA-R.S. 13:5112 which allows the assessment of costs in any suit against a political subdivision of the State, which statute, being procedural in nature, is given retroactive effect. Green v. Orleans Parish School Board, 365 So.2d 834 (La.App. 4th Cir. 1978) writ denied, 367 So.2d 393 (La.1979). Since plaintiff failed to appeal or answer the appeal of defendant, we consider that portion of the judgment which failed to award trial court costs final.