541 So.2d 311 (1989)
CITY OF KENNER
v.
JO, INC.
No. 88-CA-694.
Court of Appeal of Louisiana, Fifth Circuit.
March 15, 1989.
*312 Gordon K. Konrad, Metairie, for defendant-appellant Jo, Inc.
George W. Giacobbe and David S. Fos, Ansardi, Maxwell, Power & Giacobbe, Kenner, for plaintiff-appellee City of Kenner.
Before KLIEBERT, BOWES and DUFRESNE, JJ.
BOWES, Judge.
This appeal arises from a judgment rendered by the trial court in favor of the appellee, City of Kenner, and against GKK, Inc., appellant, for the special assessment recorded against the property owned by GKK, Inc.
All of the facts of this case were stipulated to between the parties. The stipulations filed into the record are provided below:
STIPULATIONS
I.
The City of Kenner requested and the Council of the City of Kenner adopted a special assessment ordinance, Ordinance No. 1 of 1970, on June 9, 1970.
II.
The ordinance levied a special assessment for the installation of paving improvement in certain areas of the City of Kenner, which included the following property:

 Lot Assessment Amount Recordation
Sq.No. No. No. MOB/folio
200 12 606 $2,302.56 388/319
200 10 2434 298.48 388/319
200 11 2435 298.48 388/319
200 12 2436 383.16 388/319

Decatur and 27th Street, Kenner, Louisiana
III.
That Ordinance No. 1 of 1970 levied a special assessment against each parcel of real estate in the proportion that its frontage bare [sic] to all abutting lots or parcels of real estate improved by the laying of such lines or the installation of such improvements.
IV.
The ordinance was adopted pursuant to R.S. 33:3301, et seq., and was recorded on June 12, 1970, in MOB 358D/73.
V.
The ordinance provided for ten (10) equal annual installments, bearing interest at the rate of 6% on the unpaid balance.
VI.
The first installment came due on December 31, 1970. The balance of the installments for principle [sic] became due on December 31, of [sic] each of the years from 1971 to 1979. The subsequent interest installments became due *313 on June 30, 1971, and June 30 and December 31 of each year thereafter until paid; the last installment became due on December 31, 1979.
VII.
That the defendant, Jo, Inc., is the owner of the parcels of ground against which the special assessment was levied and listed in paragraph 2.
VIII.
That the defendant, Jo, Inc. and/or its ancestors in title failed to pay any of the installments as they became due.
IX.
The total amount of past due principle [sic] due under the assessment is THREE THOUSAND TWO HUNDRED EIGHTY-THREE & 28/100 (3,283.28) DOLLARS together with interest at 6% from June 30, 1970, until paid and 10% additional on principle [sic] with interest unpaid as attorney's fees.
X.
That when the installments were not paid the City of Kenner filed this action on April 1, 1981, against the defendant, Jo, Inc., and requested a judgment in rem against the property.
The petition was amended on April 19, 1983, to name GKK, Inc. as a defendant, since GKK, Inc. was Jo, Inc. [sic] successor in title.
XI.
The special assessment has not been reinscribed in accordance with R.S. 33:3746.
 Respectfully submitted,
 /s/ George W. Giacobbe
 GEORGE W. GIACOBBE
 Ansardi, Maxwell, Power & Giacobbe
 1940 I-10 Service Road/Suite 125
 Kenner, Louisiana 70965
 (504) 466-1331
 /s/ Gordon K. Konrad
 GORDON K. KONRAD
 Suite 800
 3900 N. Causeway Blvd.
 Metairie, Louisiana 70002
 (504) 831-9985
Appellant argues that the assessment is purely an in rem claim against the property. He states that the trial court's judgment in the instant case against GKK, Inc. personally was erroneous. In this assertion, the appellee agrees.
Our review of this issue clearly indicates that both parties are correct. There is no personal liability for the assessments unless the property owner issues a promissory note for the amount of the assessment, which was not done in the instant case. LSA-R.S. 33:3421 et seq. Hinkle v. McGuire, 190 La. 397, 182 So. 551 (1938); Guaranty Mortgage & Securities Co. v. Millsaps, 178 La. 255, 151 So. 197 (1933). Accordingly, the trial court's judgment is revised to reflect that the judgment is against the property only (Sq. No. 200, Lots No. 10, 11, 12 MOB/folio 388/319) and not GKK, Inc. personally.
Assignment of Error Number 2
Appellant argues that the filing of suit within the three (3) year period following the final installment due, without reinscription or rerecording the ordinance, did not interrupt the prescriptive period. Appellant bases this argument on LSA-R.S. 33:3746. However, we note that this statute was amended in 1982, after the institution of this suit. The 1982 amendment added subsection C and added "reinscription" to the section heading. To consider this assignment, we must determine first if the statute as amended should be retroactively applied to the instant case. LSA-C. C. art. 6 states:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. [Emphasis supplied]
We hold that the amendment to LSA-R.S. 33:3746 was a substantive change and does not apply retroactively. We do not, at this *314 time, consider the question of what effect filing suit alone would have on the prescription of claims filed after the 1982 amendment became effective because this suit was filed on April 1, 1981. Prior to 1982, the statute read:
§ 3746. Prescription of claims, liens and privileges for local or special assessments for paving and sewerage improvements

Claims, liens and privileges resulting from the levying of local or special assessments by any parish, municipality, sewerage district or other special taxing district to cover the cost of constructing, paving, surfacing, resurfacing or otherwise improving streets, roads, sidewalks and alleys or the cost of the construction, installation or maintenance of sewerage systems shall prescribe three years after the date when the final installment or deferred payment of said local or special assessment shall become due and payable under the terms of the ordinance or resolution levying the assessment, provided that no acceleration of the due or payment date of any such installment or deferred payment as a result of default in payment thereof shall change the prescription date herein established and existing on the date of recordation in the mortgage records of said ordinance or resolution creating the levy.
In all cases where the cost of the paving has been advanced by any parish, municipal corporation, or other special taxing district, to be refunded in annual installments, the claims, liens, and privileges shall prescribe in the same manner as taxes, tax liens and privileges. [Emphasis added]
In the instant case, suit was filed prior to the three year prescriptive period, but the ordinance was not reinscribed. LSA-C.C. art. 3462 states:
Art. 3462. Interruption by filing of suit or by service of process
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
The Revision Comments following the article state that although the provision was new in 1982, it does not change the law. Further the comments state: "The filing of suit in a court of competent jurisdiction and venue interrupts any kind of prescription as to the causes of action therein sued upon, ..." [Emphasis added]. The jurisprudence on this point clearly follows the legal principle.
In City of Shreveport v. Urban Land Co., 159 So. 158 (La.App. 2 Cir.1935), a suit was filed within the prescriptive period but the ordinance was not reinscribed. The parties were attempting to determine if the lien and privilege were still valid. The court in that case explained the fundamental difference between a claim for paving costs and the lien and privilege intended to secure collection thereof.
The court held:
"... and even should it be conceded that filing of this in rem suit against defendant, a third person, interrupted the running of prescription on the paving claim, it does not follow that the peremption of the lien, especially of its registry, was affected to any extent thereby."
The court finally held that the lien and privilege had prescribed, but in dicta, it indicated that the claim would still be valid.
A more recent case, Toomer v. City of Lake Charles, La., 392 So.2d 794 (La.App. 3 Cir.1980) writ denied 396 So.2d 931 (La. 1981), citing the trial court's reasons, held:
The reinscription in each case did not preserve the claim itself from prescription, just as in the City of Shreveport case the filing of suit, although causing an interruption of prescription on the claim, did not supply the want of reinscription and operate to preserve the lien and privilege as to third persons. Prescription of a claim for paving costs can be interrupted as can prescription on any obligation. But prescription on *315 the claim itself cannot be interrupted by reinscription, which operates only to preserve the effect of registry. Reinscription will preserve the lien and privilege but not the claim. If the claim is prescribed, then the lien and privilege is unenforceable and its recordation must be ordered cancelled and erased.
It appears to the court that filing suit is the only way that prescription can be interrupted on a paving claim. [Emphasis added]
We agree with our brothers on the Third Circuit that prescription of a claim for paving costs can be interrupted with the filing of suit and reinscription is not necessary. Accordingly, we hold that the trial court in the instant case was correct in granting a judgment in favor of the City of Kenner on its claim. However, we must conclude, as did the courts in City of Shreveport, supra, and Toomer, supra, that the failure of the City of Kenner to reinscribe the ordinance timely caused that lien and privilege on the property to be lost.
Additionally, appellee, the City of Kenner, in brief, also contends that the trial court committed error in granting to the City of Kenner ten per cent (10%) attorney's fees on the principal only. Appellees argue that by the ordinance and the stipulation of the parties, they are entitled to ten per cent (10%) attorney's fees of the principal and interest due. As appellees have neither appealed nor answered the appeal, we are powerless to amend the judgment in their favor. See LSA-C.C.P. art. 2133. The brief submitted by an appellee does not satisfy the requirements of the article as it is neither an answer nor an appeal. Arrow Fence Co. v. DeFrancesch, 466 So.2d 631 (La.App. 5 Cir.1985) writ denied 468 So.2d 575 (La.1985); Home v. Liberty Furniture Company, 452 So.2d 204 (La.App. 5 Cir.1984) writs denied 456 So.2d 166 and 456 So.2d 171 (La.1984).
For the foregoing reasons, we revise the judgment insofar as it makes GKK, Inc. personally liable for the claims and revise the judgment to reflect that the judgment is against the property only (Sq. No. 200, Lots No. 10, 11, 12 MOB/folio 388/319); the remainder of the judgment is affirmed. All costs of this appeal are to be borne by the appellee.
REVISED IN PART AND AFFIRMED IN PART.