NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-1170 consolidated with CA 12-1171

LOUISIANA FARM BUREAU CASUALTY INS. CO., ET AL.

VERSUS

TOMMIE FRANKS, ET AL.

ACCC INS. CO., ET AL.

VERSUS

TOMMIE FRANKS, ET AL.

**********

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-18915 C/W 10-18921
HONORABLE PENELOPE QUINN RICHARD, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Marc T. Amy, Shannon J. Gremillion, and John E. Conery, Judges.

AFFIRMED.

**Jack Forsythe Owens  Jr.**
**Owens & Lemke**
**Post Office Box 595**
**Harrisonburg, Louisiana 71340**
**(318) 744-5431**
**COUNSEL FOR DEFENDANT /APPELLEE:**
     **Tommie Franks**

**Scott James Pias**
**Attorney at Law**
**522 Alamo Street**
**Lake Charles, Louisiana 70607**
**(337) 436-1288**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Shelly Baron**

**Hon. Cecil R. Sanner**
**District Attorney**
**38th Judicial District Court**
**Post Office Box 280**
**Cameron, Louisiana 70631**
**(337) 775-5713**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Cameron Parish Ambulance District#2**

**Nancy C. Grush**
**Bureau of Legal Services**
**Post Office Box 3836**
**Baton Rouge, Louisaina 70821-3839**
**(225) 342-9937**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **State of Louisiana, Department of Health & Hospitals**

**H. David Vaughan, II**
**Plauche, Smith, Nieset**
**Post Office Drawer 1705**
**Lake Charles, Louisiana 70602-1705**
**(337) 436-0522**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Aaron Jinks**
     **Louisiana Farm Bureau Casualty Ins. Co.**

**James David Cain, Jr.**
**Loftin, Cain, Gabb & LeBlanc**
**113 Dr. Michael DeBakey Drive**
**Lake Charles, Louisiana 70601**
**(337) 310-4300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Center for Orthopedics, LLC**

**George Edward Williams, Jr.**
**Williams & Associates, LLC**
**Post Office Box 54024**
**Lafayette, Louisiana 70505-4024**
**(337) 289-6555**
**COUNSEL FOR DEFENDANT/ APPELLEE:**
**ACCC Ins. Co.**
**Rita Menard**

**Adam Bennett Zuckerman**
**Baker, Donelson, Bearman, Caldwell &Berkowitz PC**
**201 St. Charles Avenue, Suite 3600**
**New Orleans, Louisiana 70170**
**(504) 566-5200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**St. Patrick Hospital**
**Christus Health SouthwesternLouisiana**

**Peter Pohorelsky**
**Scofield, Gerard, Singletary & Pohorelsky**
**Post Office Drawer 3028**
**Lake Charles, Louisiana 70602**
**(337) 433-9436**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**West Calcasieu Cameron Hospital**

**Lake Charles Anesthesiology**
**424 West McNeese Street**
**Lake Charles, Louisiana 70605**
**(337) 478-0511**
**DEFENDANT/APPELLEE**

**CONERY, Judge.**

Louisiana Farm Bureau Casualty Insurance Company (LFBC) and ACCC Insurance Company (ACCC) filed concursus proceedings to deposit funds owed as the result of an automobile accident for which they provided coverage. The proceedings were consolidated. West Calcasieu Cameron Hospital (WCCH), who provided medical care to the injured parties, filed a claim in the consolidated concursus proceedings. LFBC and ACCC filed exceptions of prescription which were granted.

WCCH has appealed the judgment of the trial court granting the exceptions of prescription. We agree with the trial court and affirm.

## FACTS AND PROCEDURAL BACKGROUND

On April 26, 2008, an accident occurred in Cameron Parish between Aaron Jinks, a permissive driver who was operating a vehicle belonging to April Young, Rita Menard, who was operating her own vehicle, and Joshua Barron, who was driving a vehicle owned by his grandmother, Tommie Franks. Mrs. Franks was a passenger. As a result of the action, one man, Michael Newkirk, died and two others, Tommie Franks and Joshua Barron, were injured.[1] The instant suit involves only the claims of one of the medical providers, WCCH, for medical care rendered to Franks and Barron.

LFBC and ACCC provided coverage for the accident. Each filed a concursus proceeding in order to deposit funds into the registry of the court.[2] Each named all known claimants in the proceedings, including WCCH. On September 2, 2011, WCCH filed answers in each of the proceedings. The proceedings were

---

[1] The record does not reveal Newkirk's role in the accident.

[2] LFBC filed its Petition for Concursus on August 4, 2011, and ACCC filed its Petition for Concursus on August 16, 2011.

consolidated on September 7, 2011.  On September 9, 2011, Franks filed an exception of prescription.  Shelly Barron, natural tutrix of Joshua Barron, filed an exception of prescription on January 3, 2012.

The trial court heard the exceptions on May 9, 2012.  For oral reasons read into the record on May 24, 2012, the trial court granted the exceptions of prescription and dismissed both suits. Judgment in accordance with the trial court's ruling was signed on July 16, 2012.

WCCH timely appealed the judgment of the trial court, arguing that it has a privilege on the funds under La.R.S. 9:4752, the medical lien statute. The statute does not specifically contain a prescriptive period, and, according to WCCH, should be strictly construed against prescription.  WCCH further argues that the trial court erred in relying on *Dauzart v. Financial Indemnity Insurance Co.*, 10-28 (La.App. 3 Cir. 6/2/10), 39 So.3d 802, to sustain the exceptions of prescription.

After reviewing the record, we affirm.

## DISCUSSION

### *Standard of Review*

When no evidence is submitted in support of a peremptory exception, the standard of review is de novo because "the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition." *Dauzart*, 39 So.3d at 805 (quoting *Fink v. Bryant,* 01–0987, (La. 11/28/01), 801 So.2d 346).

### *Extinction of Lien*

La.R.S. 9:4752, the medical lien statute under which WCCH claims a privilege, states:

> A health care provider, hospital, or ambulance service that furnishes services or supplies to any injured person shall have a privilege for the reasonable charges or fees of such health care

provider, hospital, or ambulance service on the net amount payable to the injured person, his heirs, or legal representatives, out of the total amount of any recovery or sum had, collected, or to be collected, whether by judgment or by settlement or compromise, from another person on account of such injuries, and on the net amount payable by any insurance company under any contract providing for indemnity or compensation to the injured person. The privilege of an attorney shall have precedence over the privilege created under this Section.

In its first assignment of error, WCCH argues that the trial court erred in granting the exceptions of prescription because the medical lien set forth in La.R.S. 9:4752 does not provide a prescriptive period. Franks and Barron counter that no action was filed by WCCH within the three year prescriptive period applicable to a debt on open account, and WCCH's claims have prescribed. Franks and Barron argue that because the underlying obligation has prescribed, the lien, an accessory right to the obligation, has likewise been extinguished.

Louisiana Civil Code Article 3277 provides that:

Privileges become extinct:
1. By the extinction of the thing subject to the privilege.
2. By the creditor acquiring the thing subject to it.
3. By the extinction of debt which gave birth to it.
4. By prescription.

It is clear that the debt that "gave birth" to the privilege at issue herein was a debt on open account. *Dauzart*, 39 So.3d 802. Louisiana Civil Code Article 3494 provides that the prescriptive period for a suit on open account is three years.

It is undisputed that WCCH did not file suit against Franks and Barron within the requisite three years. WCCH argues, however, that it filed and perfected medical liens pursuant to La.R.S. 9:4752 in January 2010, within three years of the medical bills being incurred.

The relevant inquiry is not when the lien was filed. As the Court in *Dauzart* explained:

3

While St. Frances correctly argues there is no requirement that the healthcare provider intervene into an action to either assert its privilege or to receive its payment and that La.R.S. 9:4752 does not contain a prescriptive period, this court has long recognized that "a lien or privilege is only an accessory right to the claim or debt, providing security and payment by preference, it has a life coextensive with that of the debt it is intended to secure, the result being that when the debt or claim is extinguished by prescription the privilege becomes extinct also." *Toomer v. City of Lake Charles,* 392 So.2d 794 (La.App. 3 Cir.1980), *writ denied,* 396 So.2d 931 (La.1981). Therefore, we find no legal error in the trial court's granting of the exception of prescription and find that St. Frances' right to collect the amount of the bill from Dauzart, Financial, and Byers has prescribed such that no lien on the funds paid by Financial and Byers pursuant to the settlement with Dauzart can attach.

*Dauzart,* 39 So.3d at 805. Likewise here, WCCH's underlying right to collect the amounts of the bills for medical care provided to Franks and Barron has been extinguished by the three year prescriptive period on open accounts. Therefore, no lien can attach to the funds paid by the insurers in the concursus proceedings. There is no merit to this assignment of error.

### *Reliance on Dauzart*

WCCH attempts to distinguish the facts in the instant case from those in *Dauzart*, pointing out that the medical provider in that case did not file its notice of lien until three months after the insurance proceeds were received into the registry of the court. Louisiana Revised Statutes 9:4753 requires a medical provider to provide written notice of its claim to the insurer "prior to the payment of insurance proceeds." The *Dauzart* court held that the receipt of funds into the registry of the court constituted the payment of insurance proceeds under La.R.S. 9:4753, and, thus, was untimely.

In the instant case, WCCH argues that because it filed its notice of lien well before the funds were received into the registry of the court, its lien was timely. As discussed above, however, once the obligation to which the lien is an accessory

has prescribed, the lien also becomes extinct, even if timely filed. *Dauzart*, 39 So.3d 802. In *Dauzart,* the court found the medical provider's claim had prescribed before addressing this secondary argument regarding timeliness of the notice of lien. There is no merit to this assignment of error.

## DECREE

For the foregoing reasons, we affirm the trial court's judgment granting the exceptions of prescription against West Calcasieu Cameron Hospital. All costs of this appeal are assessed against Appellant West Calcasieu Cameron Hospital.

**AFFIRMED.**